In the Matter of the Application of EDWARD A. SMITH, Petitioner, Appellant, for an Order against JOHN A. LYONS, as Commissioner of Correction, Department of Correction of the State of New York, and LEWIS E. LAWES, as Warden of Sing Sing State Prison of the State of New York, Respondents.

Third Department, July 2, 1941.

*Ruth Whitehead Whaley*, for the appellant.

*John J. Bennett, Jr., Attorney-General [Patrick H. Clune, Assistant Attorney-General,* of counsel], for the respondents.

PER CURIAM. The petitioner, an honorably-discharged veteran of the World War, who had previously qualified for the position of guard at Sing Sing Prison and had been appointed under the State Civil Service Law, was removed on May 31, 1939. The

issue raised by the petition and answer in this proceeding under article 78 of the Civil Practice Act, was heard at Special Term, the determination of the Commissioner of Correction and the warden of the prison was confirmed and the petition dismissed, and the matter is now before us on an appeal from the order.

The issues raised are epitomized in petitioner's brief: " Petitioner contends that his rights were prejudiced in that — 1. He did not receive ' due notice ' of the hearing. 2. He did not receive a proper hearing in that (a) he was not permitted to call his witness, (b) he was not represented nor informed of his right to be represented by counsel, (c) he was not informed of his right to cross-examine the witnesses against him, and (d) he was never informed that this was a hearing."

Petitioner was charged with " dereliction of duty * * * and intoxication while on duty." His post was in a tower or sentry box on the prison wall, reached by a spiral staircase, the top of which was covered by an iron door weighing more than one hundred pounds. On May 18, 1939, he went to his post omitting to stop at the inspection line. He was required each thirty minutes to call the central office, but failed to do so, both at eleven-fifteen and at eleven-forty-five P. M. The principal keeper and the keeper in charge of the night force attempted to go up the spiral staircase to the post, but the iron trap door was closed by petitioner. The evidence leaves no doubt of his intoxication. The offense was serious, as the guards are armed with guns and gas, and have the duty of preventing the escape of prisoners.

Section 22 of the Civil Service Law directs that a veteran may be removed from a position only " after a hearing upon due notice upon stated charges," and that " The burden of proving incompetency or misconduct shall be upon the person alleging the same. Hearings upon charges pursuant to this subdivision shall be held by the officer or body having the power to remove the person charged with incompetency or misconduct."

The notice is not too happily phrased. Its first paragraph advised of the preferment of charges, the second directed that an answer be made on or before a given date, but the heading " Notice of Hearing " gave the necessary information. The petitioner understood the notice, because in one of his affidavits he refers to an exact copy of the notice and states " That pursuant to said notice, and on or about the 26th day of May, 1939, a hearing was had before the respondent Lewis E. Lawes, upon the charges aforesaid, * * *." Upon the hearing, petitioner was sworn and had full opportunity to testify. The objection that he was not permitted to call witnesses arises from the following question and answer.

" Q. Have you anything else to say, Mr. Smith? A. Warden, can I bring my wife in to say something? Warden to Mr. Smith: Your wife is not on charges and she was not a witness to this occurrence. Is there anything else you would like to say in your behalf? " The closing line of a letter from the wife which accompanies the petition, " Again imploring you to be lenient with him and to give him one more chance, I am very truly yours," shows that the warden was correct in his belief that the wife only wished to plead that leniency be used in adjudging her husband, and indicates the purpose for which petitioner desired to call her. He had been intoxicated while on duty on other occasions, which he admits, and had been suspended, but reinstated.

All of the provisions of the section were observed, and the order should be affirmed.

HILL, P. J., CRAPSER, BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Order affirmed.