■  In the Matter of LAUREN J. HESS, Petitioner, v. TOWN OF VESTAL, Respondent.— STALEY, JR., J. Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by an order of the Supreme Court at Special Term, entered March 13, 1967 in Broome County), to review a determination of the Town Board of the Town of Vestal which dismissed the petitioner from service as a patrolman of the Police Department of the Town of Vestal as of September 11, 1965. Petitioner was first employed by the Town of Vestal as a probationary patrolman, third grade, on November 1, 1956. On May 1, 1957, he was employed on a permanent basis until September 11, 1965, when he was dismissed by the Police Chief. Charges were preferred against him by the Police Chief alleging "that said Lauren Joseph Hess has been guilty of an act of delinquency seriously affecting his general character and fitness for office as a patrolman * * * in that * * * On or about the 11th day of September, 1965, the said Lauren Joseph Hess did report for duty in an intoxicated condition." The Town Board, after a hearing, determined that the petitioner was guilty of the charge of having reported for duty in an intoxicated condition on September 11, 1965, and ordered that he be dismissed as a patrolman. The petitioner asserts that the determination is not supported by substantial evidence and, assuming that there was substantial evidence to support the determination, the order of dismissal was an abuse of discretion. Although the evidence falls short of being conclusive on the question of intoxication, we cannot say that the determination of the Town Board finding the petitioner guilty of the charge herein, is not supported by substantial evidence. Under the circumstances, we do not have the power to disturb that finding. (*Matter of Burke* v. *Bromberger,* 300 N. Y. 248.) The dismissal of the petitioner was justified. Policemen hold a special position of great sensitivity and public trust. By reason of such position, it is in the public interest that such an employee should be subject to rigorous discipline in order that the safety of the community be properly maintained. (*Matter of Smith* v. *Lyons,* 262 App. Div. 374; *Matter of Wiegmann* v. *Broderick,* 27 A D 2d 734; *Matter of Semerad* v. *City of Schenectady,* 27 A D 2d 673.) Determination confirmed, without costs, and petition dismissed. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.