■ YOUNG MEN'S CHRISTIAN ASSOCIATION OF NASSAU AND SUFFOLK COUNTIES, INC., Respondent, v TOWN OF OYSTER BAY, Appellant.—In an action *inter alia* to declare the Building Zone Ordinance of the Town of Oyster Bay unconstitutional as applied to plaintiff's property, defendant appeals from a judgment of the Supreme Court, Nassau County, dated July 2, 1975, which, after a nonjury trial, *inter alia,* made such a declaration. Judgment affirmed, with costs, upon the opinion of Mr. Justice ALBERT at Special Term. Hopkins, Acting P. J., Cohalan, Shapiro and Titone, JJ., concur.

■ In the Matter of NANCY COLOMBA, Petitioner, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 *inter alia* to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated November 28, 1975, which, after a statutory fair hearing, affirmed a determination of the respondent Commissioner of the New York City Department of Social Services, which discontinued public assistance payments to petitioner for the benefit of herself and her two minor children. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. In our opinion, the determination to discontinue public assistance payments was supported by substantial evidence (cf. *Crespo v Dumpson,* 49 AD2d 873). Hopkins, Acting P. J., Cohalan, Christ, Shapiro and Titone, JJ., concur.

■ In the Matter of BURT GLADSTONE, Petitioner, v EUGENE R. KELLEY, as Police Commissioner of the County of Suffolk, Respondent.—Proceeding pursuant to CPLR article 78 *inter alia* to review respondent's determination, dated August 2, 1973, which found petitioner guilty of conduct unbecoming an officer and reduced him in rank, after a hearing. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The evidence strongly supports the findings and the punishment imposed (see *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222). There was no impropriety in respondent's choice of the Chief of Detectives as the hearing officer. Although he was a member of the board of chiefs, the hearing officer had nothing to do with the preliminary proceedings relating to the charges and specifications. Special Term had ordered a hearing as to the possible involvement of the hearing officer in such preliminary proceedings and found that there had been none. Gulotta, P. J., Martuscello, Latham, Cohalan and Shapiro, JJ., concur.