■ In the Matter of JOHN GREANEY, Petitioner, v VICTOR S. BAHOU et al., Constituting the Civil Service Commission of the State of New York, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Civil Service Commission which dismissed petitioner from his position as senior attorney in the New York State Department of Audit and Control. Petitioner, employed by the Department of Audit and Control since 1966, was suspended and served with written charges which alleged, among other things, that petitioner was absent from work on numerous occasions without official authorization, that he failed to keep accurate records of his attendance, that he falsified time sheets on which he was required to record his attendance and that he displayed an insolent attitude towards his superiors. Hearings were held before Maurice J. Fleischman, Deputy Comptroller, the hearing officer designated by Comptroller Levitt. Petitioner was found guilty of all charges and, on the recommendation of the hearing officer, was dismissed by the Comptroller. On appeal to the Civil Service Commission the determination of guilt and the penalty of dismissal was affirmed (Civil Service Law, § 76). The instant proceeding ensued. Petitioner urges that he was not accorded a fair and impartial hearing pursuant to statute and, in that regard, alleges that the employment of Deputy Comptroller Fleischman to sit as the hearing officer when witnesses called on behalf of the department were subordinates constituted prejudicial error. The statute provides that the hearing shall be held by an officer "having the power to remove the person against whom such charges are preferred, or by a deputy * * * designated by such officer * * * in writing for that purpose" (Civil Service Law, § 75, subd 2; *Matter of La Mere v De Santis,* 37 AD2d 788). The Deputy Comptroller falls within that category and proper designation of him was introduced into the record. Petitioner's further claim that the hearing officer had prior knowledge of events in question was specifically denied on the record by the hearing officer. Petitioner also alleges that there is no substantial evidence to support the findings and determinations, but respondent avers that because the statute provides that the decision of the Civil Service Commission shall be final and conclusive and not subject to further review in any court (Civil Service Law, § 76, subd 3; *Matter of Taylor v New York City Tr. Auth.,* 25 AD2d 682, affd 19 NY2d 724), the scope of judicial review herein is limited to whether the determination was "purely arbitrary". We agree with respondent that our scope of review is limited to whether the decision was purely arbitrary, and we find that there is substantial evidence in this record to support the determination of the commission. Petitioner's time cards were introduced to indicate absences on certain specified dates and, although written approval for leave was necessary, the petitioner's defense was that he had obtained general prior oral approval. The charge that the petitioner failed to notify the supervisor of absences because of illness is amply supported by the record. Although the petitioner testified that it was his practice to telephone the office when he was ill, no records of any such messages were located. There is also proof in the record that petitioner did not sign time sheets for certain dates and did not record absences for those dates on his time card. Furthermore, there was testimony that the petitioner was not in attendance on certain specified days for which the time sheets recorded his presence. Petitioner admitted to having signed the questioned time sheets after the days in question, but attributes this to

mere forgetfulness. The petitioner's denial of the charge that he used abusive and discourteous language when questioned about his attendance record raised an issue of credibility for the trier of fact to resolve. On this record we find that the determination of the commission was not purely arbitrary and was supported by substantial evidence. The petitioner urges that the penalty was grossly excessive. The penalty imposed can only be set aside where "as a matter of law [it] was so harsh and excessive, so disproportionate to the offense as to be shocking to one's conscience" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 239). The Court of Appeals has recently stated that in cases involving internal discipline, it is appropriate to accord a broader range to the scope of administrative discretion. "In such matters the administrative official or agency is assumed to possess not only a special proficiency and experience * * * but also an alertness to and a comprehension of the complexity and sensitiveness of personnel administration in continuing intra-organizational relationships which make it all the more important that the courts exercise restraint before intruding into matters involving internal discipline and morale." *(Matter of Ahsaf v Nyquist,* 37 NY2d 182, 184–185.) Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Larkin and Herlihy, JJ., concur.