## FOURTH DEPARTMENT, JUNE, 1977

### (June 3, 1977)

■ In the Matter of VINCENT P. YODICE, Petitioner, v EUGENE SHAW, as Chief of Police of the Town of Brighton, et al., Respondents.—Determination unanimously modified, on the law, in accordance with memorandum and, as modified, confirmed, without costs. Memorandum: This proceeding was transferred to this court pursuant to CPLR 7804 (subd [g]). Multiple charges were placed against petitioner, a patrolman of the Town of Brighton Police Department and, pending their disposition, he was suspended without pay effective September 18, 1975. The Town Board of the Town of Brighton referred the matter for a hearing before a former Supreme Court Justice, who found the petitioner guilty of conduct unbecoming a police officer; being intoxicated and giving false information about his conduct to an Ontario County Deputy Sheriff; and failing to report to the chief of police when ordered to do so. All of the charges related to events which occurred while petitioner was not on duty. In recommending that the petitioner be suspended without pay for six months, the hearing officer noted that petitioner had been consistently rated competent for job performance during his 12 years as a police officer, and that his record was above average. The hearing officer concluded that "there appears no reason why he cannot be a dependable, responsible and competent police officer." We first note that the findings of guilt are supported by substantial evidence and were properly confirmed by the town board. By a three to two vote, however, the board declined to accept the hearing officer's recommended disciplinary action and dismissed petitioner from his employment. While the petitioner recognizes that the town board had the power to impose a penalty different from that recommended by the hearing officer (see *Matter of Simpson v Wolansky,* 38 NY2d 391), he urges that the discipline imposed by the town board was "so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 237; see, also, *Matter of Alfieri v Murphy,* 38 NY2d 976; *Matter of O'Connor v Frank,* 38 NY2d 963). We agree. Petitioner's transgressions bear little direct relationship to his duty as a police officer but arose more from his involvement with an unmarried woman with whom he has intermittently lived for a number of years and by whom he has fathered a child. Petitioner, also unmarried, has steadily supported the child. His failure to report to his chief of police, while a violation demanding stern discipline, also evolved from events flowing from that off-duty emotional relationship. The hearing officer properly considered all of the circumstances, including petitioner's fine prior record, in recommending a six-month suspension. The dismissal of petitioner by the town board constituted excessive and disproportionate punishment, and was an abuse of discretion (cf. *Matter of Donohue v New York State Police,* 19 NY2d 954). Petitioner should be reinstated with full salary from March 18, 1976, less any amount earned by petitioner since that date. (*Matter of Jerry v Board of Educ.,* 35 NY2d 534, 535.) In order to foreclose future litigation in this matter and even though the issue was not raised on appeal, we note that we have considered the possible applicability of the provisions of

subdivision 3 of section 75 of the Civil Service Law. Thus, it would be of no avail to the petitioner to assert that his suspension without pay between September 18, 1975 and the date of the town board's determination unlawfully exceeded 30 days, since we would nonetheless hold that his suspension without pay for six months was proper and apply it to a period subsequent to the town board's determination. (Article 78 proceeding transferred by order of Monroe Supreme Court.) Present—Marsh, P. J., Moule, Cardamone, Dillon and Goldman, JJ.