In the Matter of JAMES GIBIDES, JR., Appellant, v ROBERT POWERS, as Chief of Police of the Town of Camillus, et al., Respondents.

Fourth Department, November 14, 1977

*Michaels & Michaels (Beverly Michaels* of counsel), for appellant.

*Melvin & Melvin (Ronald S. Carr* of counsel), for respondents.

*Per Curiam.* We find substantial evidence in the record to support the findings of the hearing officer and of respondents that petitioner violated rule 5.2.19 (a) and (b), rule 5.2.34, and rule 7.1.9 of the Rules of Conduct of the Camillus Police Department in connection with his improper operation of an official police vehicle on September 4, 1976. Petitioner's contentions that the findings should be vacated because of claimed errors in the admission of evidence and the allegedly improper release of information to the press are without merit.

However, the action of respondents in dismissing petitioner for the offense of which he was found guilty, which related solely to a single incident of poor driving, was, by any mea-

sure, "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness." *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, quoting *Matter of Stolz v Board of Regents,* 4 AD2d 361, 364. See, also, *Matter of Short v Nassau County Civ. Serv. Comm.,* 59 AD2d 157, 166, where the cases decided with and since *Matter of Pell v Board of Educ., supra,* upholding dismissals or other strong penalties, were characterized as involving "moral turpitude * * * fraud * * * or other aberrations and nefarious practices".)

Respondents' argument that petitioner's dismissal is warranted by virtue of rule 9.2 of the Rules of Conduct of the Town of Camillus Police Department[1] presupposes a finding which the hearing officer expressly refused to make; viz., that petitioner's prior record of driving violations and disciplinary proceedings demonstrated that he was generally "incompetent, inept, or inefficient in the performance of his duty."[2] While petitioner's prior record may be considered in determining the appropriate punishment to be imposed for the offense *(Matter of Bal v Murphy,* 55 AD2d 26), it may not be used to elevate a finding of inefficiency or incompetency on an isolated occasion to a finding of general incompetency so as to justify his dismissal under rule 9.2.

Considering all the circumstances, including his prior record, the punishment of dismissal should be reduced to a suspension without pay for a period of four months. Petitioner should be immediately reinstated. (See *Matter of Boddie v County of Westchester,* 41 AD2d 546, affd 33 NY2d 835.)

---

1. Rule 9.2: "Separation of a member by the Town Board is warranted for incompetent, inept or inefficient performance of duty. Repeated disciplinary action even for minor infractions will be considered prima facie evidence of unsuitability for police service."

2. The hearing officer dismissed for lack of proof Specification 2 ("Your driving record * * * indicates repeated violations of the laws and regulations of the State of New York."), and Specification 12 ("Your operating and accident records and your own testimony * * * indicate a likelihood that if you continue to operate Town of Camillus Police vehicles * * * you will be involved in one or more motor vehicle accidents"). Although Specification 1 of Charge II alleged that petitioner's driving violation on September 4, 1976 "is the culmination of a long history of careless, reckless, and inefficient operation of motor vehicles, in violation of the Traffic Regulations and Laws of the State of New York, which, when considered as a whole, makes your continued operation of Town of Camillus motor vehicles a danger," the hearing officer's finding of guilt with respect to the improper driving charge was expressly limited to the single incident of September 4, 1976.

Accordingly, the judgment should be reversed and the petition granted to the extent indicated.

CARDAMONE, J. P., SIMONS, DILLON, HANCOCK and DENMAN, JJ., concur.

Judgment unanimously reversed, with costs and petition granted in accordance with *Per Curiam* opinion.