■ In the Matter of MARK L. BRECKER, Petitioner, v J. HENRY SMITH, as Commissioner/Administrator of the Human Resources Administration of the City of New York, et al., Respondents.—Determination of respondent, Commissioner of Human Resources Administration of the City of New York, dated February 28, 1977, effective March 25, 1977, dismissing petitioner from his employment in the Department of Social Services, is unanimously modified, on the law, so as to substitute for the penalty of dismissal a suspension without pay until two months after the entry of the order hereon, and, as so modified, said determination is confirmed, without costs or disbursements. In view of this decision, the dispute as to interrogatories is moot. Petitioner, a case worker in the Department of Social Services, was found, after hearing, to be guilty of certain misconduct, including specifically the use of abusive and obscene language to a telephone operator; harassment of said operator by a letter on petitioner's legal stationery demanding that she reimburse someone for $2 because of her alleged failure to perform her duties, and the filing of a claim in the Small Claims Court for said $2; profane and vulgar language used against his supervisor and grabbing the telephone receiver from the supervisor; and use of the department telephone number on his own professional stationery. Petitioner had once before been fined $100 for misconduct. The hearing officer recommended that respondent be suspended without pay for 30 workdays. The commissioner determined that this penalty was inadequate and dismissed petitioner from the staff. The evidence was sufficient to establish petitioner's misconduct to the satisfaction of the hearing officer and the commissioner. However, with respect to the penalty to be imposed, we note that petitioner had been employed in the department for over 10 years; that he apparently performed his duties satisfactorily with the obvious qualifications of the previous disciplining and the present incident. When the complaint was made against him there was an informal conference after which his location head recommended a penalty of two months' suspension without pay. Petitioner was informed that he could take up the matter through grievance machinery by giving notice to that effect within five days and apparently if he had, the penalty could not have exceeded two months' suspension. Petitioner did not take advantage of this option and the matter went to formal disciplinary proceedings resulting in the hearing officer's recommendation of suspension of 30 workdays and the commissioner's determination to dismiss the petitioner. In the light of the circumstances, and particularly the fact that petitioner could have accepted a two months' suspension and the matter would have been ended, we think the penalty imposed is so disproportionate to the offense as to warrant the modification here directed. (Cf. *Matter of Pauling v Smith,* 46 AD2d 759; *Matter of Seales v Malcolm,* 61 AD2d 920.) Concur—Murphy, P. J., Lupiano, Silverman, Fein and Sullivan, JJ.