■ In the Matter of DAVID DARLING, Appellant, v THOMAS F. HASTINGS, as Chief of Police of the City of Rochester Police Department, et al., Respondents.—Judgment unanimously affirmed, without costs. Denman, J., not participating. Memorandum: Petitioner was found guilty of violating regulations of the Rochester Police Department and was terminated from his employment as a police officer. He appeals from an order of Supreme Court, Monroe County, confirming that determination. There is substantial evidence on the record to support the finding that petitioner was guilty of violating departmental regulations as he himself admitted to being outside of his duty area and to transporting a civilian in his patrol car without authorization. Additionally, the hearing officer found that petitioner's testimony at the disciplinary hearing was evasive and lacking in credibility and that this lack of candor could not be tolerated on the police force. The issue presented for our review is whether the penalty imposed is so harsh and excessive as to constitute an abuse of discretion. In making that determination we are guided by the standards set out in *Matter of Pell v Board of Educ.* (34 NY2d 222, 233), and must weigh the impact of the penalty upon the petitioner here against the nature and consequences of the misconduct to be punished and the interests of the public at large to be protected. Viewed in that context, we cannot say that the penalty imposed on petitioner is excessive or that it was an abuse of discretion for the commissioner of police to terminate his employment. The record shows that petitioner was not only guilty of the present violations but that he had violated the same regulations on previous occasions and been warned about recurrence of such conduct. It thus seems obvious that petitioner, although having many commendable qualities as a policeman, was not able to discipline himself or to conform to the strict rules and regulations of the department. "It was within the commissioner's province to premise his findings on the 'requirements [for] order, authority, and discipline, which he decided petitioner had failed to meet (see *People ex rel. Guiney v Valentine,* 274 NY 331, 334; *People ex rel. Masterson v French,* 110 NY 494, 499)." *(Matter of Bal v Murphy,* 43 NY2d 762, 763; see, also, *Matter of O'Connor v Frank,* 38 NY2d 963; *Matter of Joshua v McGrath,* 35 NY2d 886; *Matter of La Rosa v Police Dept. of City of N. Y.,* 55 AD2d 890.) Petitioner's reliance on our decisions in *Matter of Gibides v Powers* (59 AD2d 295, order resettled 60 AD2d 1003) and *Matter of Yodice v Shaw* (58 AD2d 730) is misplaced. In *Gibides,* petitioner had been dismissed from the force for one instance of improper operation of an official police vehicle, which dismissal we found was disproportionate to the seriousness of the offense. In *Yodice,* the hearing officer, after finding petitioner guilty of conduct unbecoming a police officer for one isolated incident which did not occur in the line of duty, recommended a six-month suspension. The town board instead dismissed petitioner from his employment. Because the incident there complained of was an isloated one and had little direct relationship to his performance as a police officer, we found dismissal constituted an excessive and disproportionate punishment and was therefore an abuse of discretion. Those cases are thus distinguishable from the case before us. (Appeal from judgment of

Monroe Supreme Court—art 78.) Present—Marsh, P. J., Moule, Dillon, Denman and Schnepp, JJ.