MARTIN CIRASUOLO et al., Petitioners, v WILLIAM HASENAUER, as Sheriff of Oneida County, Respondent.—Determination unanimously modified in accordance with memorandum and, as modified, confirmed, without costs. Denman, J., not participating. Memorandum: Petitioners Cirasuolo, Klenotiz, Sparace, Cram and Fusco were employees of the Oneida County Sheriff's Department who were dismissed by respondent Sheriff Hasenauer after a hearing held pursuant to section 75 of the Civil Service Law upon specified charges of misconduct. The specifications concerned petitioners' unauthorized surveillance and investigation of the Oneida County Executive, with whom the Oneida County Deputy Sheriffs Benevolent Association had been involved in a labor dispute. The record shows that Deputy Fusco detained the county executive as he was driving home shortly after midnight on March 16, 1977, following which the county executive was brought to the Law Enforcement Building for administration of a breathalyzer test. This detention of the county executive resulted from an evening-long surveillance conducted by Investigators Klenotiz and Cirasuolo, in which Sergeants Sparace and Cram, as well as Deputy Fusco, were participants. Respondent released the county executive, determining that he was not intoxicated and that it would not be necessary for him to take a breathalyzer test, although the county executive had offered to do so. The principal specifications of misconduct against petitioners were (1) that each in concert with the others, "did, in disobedience of an order of the Sheriff, engage in and conduct an unauthorized surveillance and investigation of the Oneida County Executive" and (2) that each, in concert with the others, "did, with the intent to obtain a benefit and/or to injure another person [the Oneida County Executive], conduct an unauthorized investigation and surveillance of [the county executive], knowing said investigation and surveillance to be unauthorized." Additional specifications concerned, (3) the failure of each petitioner to notify respondent of their investigation and surveillance, (4)

the consumption of alcoholic beverages by Investigators Cirasuolo and Klenotiz while they were on duty, (5) an assertedly false statement by Investigator Cirasuolo concerning his presence at the hotel in which the county executive was conducting a meeting of the Oneida County Industrial Development Corporation on March 16, 1977, (6) the failure of Investigators Cirasuolo and Klenotiz and Sergeants Cram and Sparace to report to their superior officers that a member of the department was violating rules and regulations, and (7) the failure of Sergeants Cram and Sparace to report the investigation and surveillance to their superior officers. The hearing officer found all petitioners guilty of specifications (1) and (2), found Investigators Cirasuolo and Klenotiz guilty of specification (4) and found Sergeants Cram and Sparace guilty of specification (7). Petitioners were found not guilty of the remaining specifications. The hearing officer recommended dismissal of Klenotiz and Cirasuolo and a two-month suspension without pay for Sparace, Cram and Fusco. Respondent found petitioners guilty of all of the specifications and made a determination dismissing petitioners from the department. Specifications (1) and (2) were sufficiently clear and detailed to convey to each petitioner the substance of the misconduct alleged *(Matter of Bateman v City of Ogdensburg,* 55 AD2d 781). In any event, petitioners failed to request clarification or a bill of particulars prior to the hearing (see *Matter of Root v Board of Educ.,* 59 AD2d 328). In view of his familiarity with all of the circumstances bearing on the specifications of misconduct, respondent appropriately delegated the function of conducting the hearing *(Matter of Waters v McGinnis,* 29 AD2d 969) and selected a local attorney instead of a subordinate in the Sheriff's department as the hearing officer (see *Matter of Greaney v Bahou,* 57 AD2d 646; *Matter of Gladstone v Kelley,* 52 AD2d 583, mot for lv to app den 39 NY2d 709). Petitioners received a full and fair hearing in accordance with section 75 of the Civil Service Law. *(Matter of Marsh v Hanley,* 50 AD2d 687) and there is substantial evidence supporting the determinations of guilt with respect to specifications (1), (2), (4) and (7). The Sheriff's reversal of the hearing officer's determination absolving the petitioners of specifications (3), (5) and (6) cannot be sustained. Petitioners were entitled to be given a written statement from respondent setting forth the essential facts or evidence upon which he relied in reaching an adverse determination (see *Morrissey v Brewer,* 408 US 471, 489). Petitioners are entitled to be protected against adverse determinations which are made upon matters outside the record or other impermissible considerations *(Matter of Simpson v Wolansky,* 38 NY2d 391, 396). However, on the basis of the hearing officer's determination particularly with respect to specifications (1) and (2), we uphold respondent's determination discharging petitioners. A Sheriff is a public official responsible for effective discipline in his department and charged with a public duty to protect the community and those under his control from influences which may be inimical to the rule of law *(Matter of Muldoon v Mayor of Syracuse,* 34 NY2d 222, 237; *Matter of Bal v Murphy,* 55 AD2d 26, 29, affd 43 NY2d 762; *Matter of Hess v Town of Vestal,* 30 AD2d 599). The imposition of these grave penalties against petitioners is not " ' "so disproportionate to the offense * * * as to be shocking to one's sense of fairness".' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Darling v Hastings,* 64 AD2d 857.) (Article 78 proceeding transferred by order of Oneida Supreme Court.) Present—Marsh, P. J., Moule, Dillon, Denman and Schnepp, JJ.