■ In the Matter of JOHN E. SCHADT, Petitioner, v THOMAS J. SARDINO, as Police Chief of the City of Syracuse, et al., Respondents.—Determination of punishment unanimously vacated, without costs, and otherwise confirmed, and matter remitted to respondent Chief of Police for further proceedings in accordance with the following memorandum: Following our decision of May 30, 1975 in this case (48 AD2d 171), respondent Chief of Police, Thomas J. Sardino, caused a continuation hearing to be held by a hearing officer in August, September and October, 1975 upon the original seven charges filed against petitioner, founded upon the latter's brutal beating in August, 1970 of four men suspected of criminal action. At the conclusion of the hearing the hearing officer found petitioner guilty of the seven charges and so reported to respondent Sardino. In February, 1976 respondent furnished to petitioner's attorney a copy of a report in the files of the police department of a 1966 incident in which petitioner shot and wounded a 16-year-old youth, and respondent notified him that on March 24, 1976 respondent would conduct a hearing upon the punishment to be accorded to petitioner by reason of the 1966 and 1970 incidents. The hearing was held on April 1, 1976, at which time petitioner appeared only by his attorney, who stated that since no charge was made against petitioner after the 1966 incident and it had not been fully investigated, respondent should not consider it; and petitioner offered no evidence in explanation of his alleged conduct in 1966. On April 6, 1976 respondent Sardino adopted the hearing officer's findings to the 1970 incident and noted that it was particularly serious because petitioner was the senior officer at the scene of such occurrence and did nothing to maintain proper police deportment. He also ruled that petitioner's conduct in the 1966 incident was "unwarranted, unjustified, and in conflict with the Penal Law of the State of New York and the Rules and Regulations of the Syracuse Police Department". Based upon petitioner's 1966 and 1970 conduct, respondent determined that petitioner should be severed from the police department. Petitioner thereupon instituted this CPLR article 78 proceeding to review and annul that determination, and the proceeding was transferred to this court. We find no merit in petitioner's contentions that he was denied an impartial tribunal at the administrative level and that determination of his guilt of the seven charges against him with respect to the 1970 incident was not supported by substantial evidence. We vacate the determination as to the punishment imposed, however, because respondent also based his ruling on a finding of petitioner's guilt of the 1966 incident. No charge had ever been filed against petitioner with respect to the 1966 incident, as provided in subdivision 2 of section 75 of the Civil Service Law (and see Rules and Regulations of the Syracuse Police Dept., ch 4, § 19.13), and, although the police file contained information thereon, petitioner denies that the incident was ever investigated or charged against him. In answer thereto respondent did not establish that such incident was ever officially investigated at that time with an opportunity to petitioner to be heard; and petitioner was never charged with misconduct with relation thereto. The matter before respondent upon receiving the hearing officer's report following the continuation hearing in 1975 was only whether he should accept or reject, in whole or in part, that officer's report and, if accepted, what punishment should be imposed. Respondent's attempt to supplement those charges with the information in the police files with respect to the 1966 incident improperly beclouded the consideration of the 1970 charges. We do not doubt that in considering

punishment a department head may take into consideration related misconduct of the incumbent as shown by his record (see *Matter of Joshua v McGrath,* 35 NY2d 886; *Matter of La Rosa v Police Dept. of City of N. Y.,* 55 AD2d 890); and this principle is particularly important in a disciplinary action concerning a police officer *(Cirasuolo v Hasenauer,* 64 AD2d 860). Moreover, the fact that the two other officers charged along with petitioner in the 1970 incident were only punished by suspension for 60 days without pay does not necessarily mean that the punishment of dismissal of petitioner was arbitrary, discriminatory or unfair. Although those two officers originally denied knowledge of or complicity in such beatings, they recanted and admitted their misconduct and testified against petitioner. On the other hand, petitioner steadfastly denied his misconduct in that affair and put the department to its proof. That in itself was a permissible justification for a difference in his punishment (see *Corbitt v New Jersey,* 439 US 212). In addition, respondent justifiably held petitioner to a higher degree of responsibility than the other officers because he was the senior officer present (see Rules and Regulations of the Syracuse Police Dept., ch 5, § 12) and hence was required to maintain proper police deportment at the scene. Petitioner did not deny that he was the senior officer present. On this petition for review the court cannot ascertain what weight respondent accorded to the 1966 incident nor whether, absent the finding of petitioner's misconduct in that uncharged incident, respondent would have imposed the punishment of dismissal. For that reason the punishment determination is vacated and the matter is remitted to respondent to make a new determination thereon consonant herewith (see *Matter of La Rosa v Police Dept. of City of N. Y.,* 48 AD2d 618). Petitioner shall be given the opportunity, if he wishes, to contest that he was the senior officer present at the time of the 1970 incident. (Article 78 proceeding transferred by order of Onondaga Supreme Court—art 78.) Present—Moule, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.