■ In the Matter of Edward Waterhouse, Petitioner, v Thomas Hastings, as Chief of Police of the City of Rochester, et al., Respondents.— Determination vacated as to punishment and otherwise confirmed, without costs, and matter remitted to respondent chief of police for further proceed-

ings in accordance with the following memorandum: In this article 78 proceeding petitioner seeks to annul the determination of Chief of Police Thomas Hastings dismissing him from his position as a police officer of the City of Rochester following a hearing on specified charges of misconduct held pursuant to section 75 of the Civil Service Law. The proceeding grew out of an altercation which took place in the City of Rochester on April 26, 1978 between petitioner and his girlfriend when he tried to retrieve articles of personal property which she removed from their home when their relationship was interrupted. Their embroilment started in her sister's home, continued on the front porch and ended when the petitioner, his girlfriend's sister and brother broke through the porch railing and landed on the lawn. Petitioner was off duty but in uniform at the time. When police vehicles arrived in response to the telephone complaint of a neighbor, all was quiet. On August 31, 1978 petitioner was accused of four violations ("charges") of the departmental rules and regulations for nine specified acts of misconduct ("specifications"). These specifications included allegations that he assaulted and used unlawful force on his girlfriend, her sister and her brother, damaged his girlfriend's property, conducted himself in a manner which brought discredit to the Rochester Police Department, and was not truthful in responding to questions by police authorities concerning the incident. At the departmental hearing on November 9, 1978 petitioner admitted that his actions brought discredit upon the Rochester Police Department and, upon his denial of the remaining charges, a hearing was conducted. He was found guilty of all charges, although he was not found guilty of the alleged specified acts of misconduct toward his girlfriend and her sister. The findings of the hearing board note that petitioner was experiencing serious emotional and financial problems for which he was seeking professional help. On January 24, 1979 Chief Hastings, refusing to accept the hearing board's recommendation that petitioner be suspended without pay for a period of 60 days, dismissed petitioner, citing the guilty findings on the four charges. Petitioner contends that the findings of the hearing board were not based on substantial evidence, that the action of Chief Hastings was arbitrary and capricious, and that the punishment of dismissal is shocking to one's sense of fairness and should be set aside. We find substantial evidence in the record to support the findings that petitioner violated the specified rules and regulations in connection with this incident (see *Matter of Gristmacher v Felicetta,* 57 AD2d 444; *Matter of Schadt v Sardino,* 48 AD2d 171). Although the hearing board erroneously received into evidence the unsworn statement of petitioner's girlfriend to which it ascribed "little weight", this error was harmless. It appears, however, that Chief Hastings in arriving at his decision inaccurately referred to the disposition of earlier charges against petitioner. The chief of police has the right to take into account the prior record of a police officer as a member of the force in determining the appropriate punishment *(Matter of Bal v Murphy,* 43 NY2d 762; *Matter of Joshua v McGrath,* 35 NY2d 886; *Matter of La Rosa v Police Dept. of City of N. Y.,* 55 AD2d 890). He, as the person ultimately responsible for effective discipline, must seek to protect both community and the police force from dangers reasonably foreseen and risks which may become serious liabilities or have grave consequences *(Matter of Muldoon v Mayor of Syracuse,* 34 NY2d 222, 237; and see *Matter of Bal v Murphy, supra; Matter of Hess v Town of Vestal,* 30 AD2d 599). In these proceedings Chief Hastings based his decision in part upon the findings of the hearing board and previous disciplinary charges and findings in connection with a 1972 incident during which the petitioner

allegedly used unnecessary force in making an arrest, which Chief Hastings described as an "earlier occurrence of Waterhouse's use of unnecessary force." However, the findings after a hearing on the 1972 charges against petitioner reflect that "Evidence produced at the hearing fails to prove * * * that such force was illegal," and the hearing officer recommended dismissal of the charge. Accordingly, we vacate petitioner's dismissal because respondent based his ruling in part on the erroneous assumption that petitioner had been previously found to have used "unnecessary force". We cannot ascertain what weight respondent accorded to the 1972 incident nor what punishment respondent would have imposed if he had not considered this unwarranted factor. For this reason the punishment determination is vacated and the matter is remitted to respondent to make a new determination thereon consistent with this memorandum (see *Matter of Schadt v Sardino, supra).* All concur, except Cardamone, J. P., and Doerr, J., who dissent and vote to confirm the determination. (Article 78 proceeding transferred by order of Monroe Supreme Court.) Present—Cardamone, J. P., Simons, Schnepp, Doerr and Witmer, JJ.