■ HAROLD W. CLARK et al., Appellants, v PAWTUCKET MUTUAL INSURANCE COMPANY, Respondent. (Appeal No. 1.) — Order unanimously affirmed, without costs. Motion to strike portions of appellants' brief denied. (Appeal from order of Monroe Supreme Court — summary judgment.) Present — Dillon, P. J., Cardamone, Hancock, Jr., Callahan and Schnepp, JJ.

■ LINDA D. NICHOLAS, Appellant, v C. H. J. REASON et al., Respondents. — Order unanimously reversed, with costs, and motion granted. Memorandum: In a medical malpractice action arising from a doctor's care of plaintiff who had suffered a severe leg injury in a motorcycle accident, there was a two-week jury trial ending in a verdict of no cause for action. The sole issue is plaintiff's right to appeal this result as a poor person. The trial court entertained the application for such relief and denied it solely upon the ground that the claim was without merit. Plaintiff's indigency is not controverted. CPLR 1101 (subd [a]) provides that "the court in which an action is triable, or to which an appeal has been * * * taken, may grant permission to proceed as a poor person." The section goes on to provide that, in addition to other requirements, the moving party must set forth "sufficient facts so that the merit of his contentions can be ascertained". In this case the trial court weighed the evidence that was before the jury and concluded that it did not "feel there is any merit to her appeal." The trial court misconceived the scope of its discretion on such a motion. Its determination was, in effect, appellate review of the jury verdict, a matter which the trial court should not address. A motion under CPLR 1101 (subd [a]) should be made before the trial court (*Jenks v Murphy,* 20 AD2d 757; *Eagle Contrs. of Utica v Black,* 5 AD2d 954) which should merely satisfy itself that the appeal is not frivolous or, stated another way, that the appeal has arguable merit. (Appeal from order of Wayne Supreme Court — appeal as poor person.) Present — Dillon, P. J., Cardamone, Hancock, Jr., Callahan and Schnepp, JJ.

■ In the Matter of NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Respondent, v INTERNATIONAL LONGSHOREMEN'S ASSOCIATION LOCAL 1949, Appellant. — Order unanimously affirmed, with costs, for the reasons stated at Special Term, Kramer, J. (Appeal from order of Erie Supreme Court — arbitration.) Present — Cardamone, J. P., Simons, Hancock, Jr., Doerr and Moule, JJ.

■ ANGELO J. BARTOLONE, Respondent, v FRANK D. METRO, Defendant, ANITA STAYNER, Appellant, and LYNNE A. LINKOWSKI et al., Respondents. — Order unanimously affirmed, without costs, on the opinion at Special Term, Kuszynski, J. (Appeal from order of Niagara Supreme Court — summary judgment.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.

■ MICHAEL HORNBERGER, Appellant, v NEIL A. HARTUNG, Respondent, et al., Defendant. — Appeal unanimously dismissed, without costs, upon stipulation. (Appeal from order of Erie Supreme Court — default judgment.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.

■ In the Matter of JOHN E. SCHADT, Petitioner, v THOMAS J. SARDINO, as Police Chief of the City of Syracuse, et al., Respondents. — Determination unanimously confirmed, without costs. Memorandum: We have previously found the determination of the chief of police to be based on substantial evidence (*Matter of Schadt v Sardino,* 67 AD2d 821). The questions raised in our memorandum remitting the matter have been satisfactorily answered. (Article 78 proceeding transferred by order of Onondaga Supreme Court.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.