■ In the Matter of CAROLE E. COOPER, Appellant, v CITY OF ROCHESTER, Respondent, et al., Defendant. — Order unanimously affirmed, without costs. Memorandum: On this appeal from an order denying claimant's motion for permission to serve and file a late notice of claim, we agree with Special Term's determination that claimant failed to show that the public corporation timely acquired actual knowledge of the essential facts constituting the claim (see General Municipal Law, § 50-e, subd 5). In affirming, however, we note that had claimant demonstrated that the chief of police had timely acquired such actual knowledge it would have constituted knowledge of the municipality. Cases relied upon by Special Term and holding that knowledge of its police officers is not knowledge of the public corporation (see *Williams v Town of Irondequoit*, 59 AD2d 1049; *Phillips v State of New York*, 36 AD2d 679; *Bommarito v State of New York*, 35 AD2d 458) would apply where the claimed knowledge is that of the alleged tort-feasors and not, as here, where the claimed knowledge is that of the person having authority over the police department and responsibility for the conduct of its officers (see *Matter of Waterhouse v Hastings*, 73 AD2d 1034). (Appeal from order of Monroe Supreme Court, Pine, J. — late notice of claim.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.

■ RUTH E. TAYLOR, Appellant, v JAMES I. TAYLOR, Respondent. — Order unanimously modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff appeals from an order granting defendant, her former husband, leave to file an amended answer in plaintiff's action against him to collect sums allegedly owing under a separation agreement. Of the several affirmative defenses and counterclaims contained in the amended answer, plaintiff objects specifically to the first in which defendant seeks to invalidate the separation agreement on the ground that he was not mentally competent to make the contract and because of certain alleged misrepresentations made by plaintiff. The separation agreement was executed on February 15, 1975. By a decree dated December 10, 1976, plaintiff obtained a divorce from defendant pursuant to subdivision (6) of section 170 of the Domestic Relations Law, after a trial in which defendant appeared and in which he had filed an answer admitting the due execution of the agreement, that the parties had lived separate and apart for more than one year pursuant thereto, and that plaintiff had duly performed the conditions thereof. Inasmuch as defendant had a full and fair opportunity to contest the validity of the separation agreement in the divorce action in which the validity of the agreement was necessarily established by the court's decree and findings, he may not be heard to attack the decree in the instant action. While permission to serve amended pleadings should be freely given (CPLR 3025, subd [b]), a pleading which is totally devoid of merit should not be allowed (see *Town Bd. of Town of Fallsburgh v National Sur. Corp.*, 53 Misc 2d 23, 24, affd 29 AD2d 726; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:11, p 481; 3 Weinstein-Korn-Miller, NY Civ Prac, pars 3025.15, 3025.23). The order, therefore, is modified by denying the motion to serve an amended answer with respect to the first affirmative defense and counterclaim. (Appeal from order of Oneida Supreme Court, O'Donnell, J. — amend answer.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.