■ In the Matter of CHARLES LEE, Petitioner, v BOARD OF EDUCATION OF THE PELHAM UNION FREE SCHOOL DISTRICT et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent board of education which, after a hearing, found the petitioner guilty of certain charges and dismissed him from employment. Petition granted to the extent that the determination is modified, on the law, by vacating the penalty imposed. As so modified, determination confirmed, proceeding otherwise dismissed on the merits, without costs or disbursements, and the matter is remitted to the board of education for the imposition of a new penalty. After a statutory hearing conducted by a duly designated hearing officer, petitioner was found guilty of two of the five charges posited against him. In recommending a penalty of suspension for one month without pay, the hearing officer stated: "Other than the incidents complained of, his record is unblemished. The incidents complained of are isolated events which do not display a persistent pattern of intentional or wilfull misconduct warranting a discharge penalty. There is no fault with his work. My assessment of the [petitioner's] demeanor during the hearings persuade[s] me that he can still continue as a productive and conscientious employee with the Pelham School District." After the issuance of the hearing officer's decision, respondent John Strand, Superintendent of Schools of the Pelham Union Free School District, sent a "Confidential Memorandum" to the respondent board of education in which he recommended a discharge from employment. The basis for this recommendation was, among other things, that petitioner's employment history "demonstrated a pattern of an uncooperative and unreliable employee", as evidenced by allegations in the file which "could not be the basis for additional charges because the events took place more than three years before the date of the current charges." Petitioner was apparently unaware of the existence of Strand's "Confidential Memorandum". The minutes of the meeting of the board of education at which petitioner was terminated reveal that the board, in making its decision, relied on Strand's views and the allegations of past misconduct. In determining a penalty appropriate to a proven charge, a governmental body has the right to consider other instances of misconduct or incompetence revealed in the employee's record (*Matter of Bal v Murphy,* 43 NY2d 762). However, it is improper to impose a penalty determined in whole or in part on the basis of unestablished allegations (*Matter of Waterhouse v Hastings,* 73 AD2d 1034; *Matter of Schadt v Sardino,* 67 AD2d 821). To hold otherwise would circumvent due process and the requirements of section 75 of the Civil Service Law. The board, therefore, erred when it considered the unestablished allegations concerning petitioner's employment history. This error was compounded by the fact that petitioner was not informed that the board was going to consider these old allegations and so had no opportunity to refute or explain them, and by the fact that the employment file was not part of the proceeding record (see *Matter of Simpson v Wolansky,* 38 NY2d 391; *Matter of Thompson v Lent,* 53 AD2d 721). Considering all the circumstances, and in particular petitioner's 13 years of service as a school custodian, the penalty of dismissal is so disproportionate to the offenses as to be shocking to one's sense of fairness (cf. *Matter of Harris v Mechanicville Cent. School Dist.,* 45 NY2d 279; *Matter of Brecker v Smith,* 62 AD2d 936). For this reason and because of the board's improper consideration of past instances of unproven misconduct, the penalty imposed must be vacated and the matter remitted for the imposi-

tion of a new penalty. Gibbons, J. P., Weinstein, Thompson and Rubin, JJ., concur.