■ In the Matter of JAMES M. SEGRUE, Respondent, v CITY OF SCHENECTADY, Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (White, J.), entered October 3, 1988 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Mayor of the City of Schenectady dismissing petitioner from his job with respondent.

The facts underlying this matter have been previously considered by this court when we remitted to respondent for the imposition of a reasonable penalty based upon the one sustained violation (Matter of Segrue v City of Schenectady, 132 AD2d 270). In February 1988, respondent's Mayor rendered a determination which reimposed the original punishment of dismissal. Petitioner commenced the instant CPLR article 78 proceeding to annul the determination. Supreme Court, taking note that this court remitted the matter for the

imposition of a "reasonable penalty", held that the dismissal of petitioner was too harsh a penalty and remitted the matter to respondent for the imposition of a lighter, reasonable penalty.* This appeal by respondent ensued.

While respondent properly gave petitioner notice that its chief administrative officer would review and inspect petitioner's personnel file and give him an opportunity to present comments *(see, Matter of Bigelow v Board of Trustees,* 63 NY2d 470, 474; *Ferguson v Meehan,* 141 AD2d 604, 605), it was improper for respondent to impose a penalty determined in whole or in part on the basis of unestablished allegations of unauthorized absences from work contained in memoranda in petitioner's personnel file *(see, Matter of Lee v Board of Educ.,* 90 AD2d 775; *Matter of Waterhouse v Hastings,* 73 AD2d 1034).* Reliance upon these documents, although petitioner had notice, was improper and denied petitioner his due process rights. Accordingly, Supreme Court properly determined that the penalty imposed must be annulled *(see, Matter of Lee v Board of Educ., supra)* and the matter again remitted for imposition of a "reasonable penalty". With regard to the penalty, we agree with Supreme Court's assessment that, considering the facts and circumstances of petitioner's transgression, dismissal is unwarranted and a lesser penalty should be imposed.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.

---

* In its decision and judgment, Supreme Court advised the parties that it was filing the decision and judgment in Schenectady County and directed "[p]etitioner to serve notice of entry upon the respondent". Despite this direction, Supreme Court cannot alter the statutory requirement of CPLR 5513 (a) that an appeal as of right must be taken within 30 days after service upon the appellant of *a copy of the judgment or order appealed from and written notice of its entry.* Parties should be certain to comply with statutory requirements.