■ In the Matter of MATTHEW SICILIANO, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [687 NYS2d 61] —Determination of respondent Police Commissioner dated June 2, 1997, dismissing petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Diane Lebedeff, J.], entered December 12, 1997) dismissed, without costs.

The penalty of dismissal does not shock our sense of fairness even accepting at face value, as the Hearing Officer did, petitioner's claims that his refusal to enter the departmental counseling program, in disobedience of at least four direct

orders to do so within six months, was based upon his good faith reliance on his private psychiatrist's advice that such would be harmful to his mental health, and that respondent never explicitly warned him that he faced termination if he continued to disobey such orders. As the Hearing Officer stated, petitioner's proof concerning his precarious mental condition tends to support rather than undermine his unfitness to serve, and each infraction resulted in a suspension that should have made it clear to petitioner that continued disobedience would not be tolerated indefinitely. The charges sustained here are serious, involving respondent's requirements for order, authority and discipline (*see, Matter of Darling v Hastings*, 64 AD2d 857), and the determination to dismiss is entitled to "great leeway" (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 445). Concur—Rosenberger, J. P., Williams, Tom and Mazzarelli, JJ.