■ In the Matter of ROBERT O'KEEFE, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York and as Chair of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [713 NYS2d 525] —Determination of respondent Commissioner, dated June 18, 1998, which, after a hearing, dismissed petitioner from the New York City Police Department, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Leland DeGrasse, J.], entered June 11, 1999) dismissed, without costs.

There was substantial evidence (see, Matter of Pell v Board of Educ., 34 NY2d 222, 230-231) to support the specifications charging petitioner with associating with a person reasonably believed to be a criminal, failure to properly safeguard his weapon, and failure to comply with orders on five separate occasions in eight months. The record does not support the conclusion that the Department's determination was made in bad faith to prevent petitioner from obtaining disability retirement benefits. The record, as noted, supports the findings against petitioner, and, in addition, supports the conclusion that petitioner would not, in any event, have qualified for disability retirement. In light of the seriousness and number of proven violations, dismissal of petitioner from the Police Department was justified (see, Matter of Siciliano v Safir, 259

AD2d 366; *Matter of Richardson v Safir*, 258 AD2d 328; *Matter of Marcondes v Ward*, 172 AD2d 318).

We decline to address petitioner's remaining contention, that the Department violated the Administrative Code of the City of New York by failing to act on his ordinary disability application within 90 days, since it was never raised at the administrative level (*see*, *Matter of Hughes v Suffolk County Dept. of Civ. Serv.*, 74 NY2d 833, 834; *Matter of Klapak v Blum*, 65 NY2d 670). Concur—Nardelli, J. P., Mazzarelli, Lerner, Andrias and Buckley, JJ.