■ In the Matter of KENNETH R. ECK, JR., Appellant-Respondent, v COUNTY OF DELAWARE et al., Respondents-Appellants. [828 NYS2d 682]—

Cardona, P.J. Cross appeals from a judgment of the Supreme Court (Coccoma, J.), entered February 24, 2006 in Delaware County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents terminating petitioner's employment as a deputy sheriff.

Petitioner, a deputy sheriff with the Delaware County Sheriff's Department, was charged by respondents with insubordination, serious misconduct, conduct unbecoming an employee of Delaware County, and dereliction of duty. Most of the charges stemmed from petitioner's investigation of two Delaware County employees—Jeffrey Bowie and petitioner's former wife, Leslie Eck—who petitioner suspected were involved in a romantic relationship and using county resources to facilitate that relationship. The specifications alleged that the investigation was unauthorized and pursued by petitioner for personal reasons while he was on and off duty. The charges included petitioner's improper use of county resources, abuse of his position, release of confidential information, and refusal to answer questions regarding such unauthorized investigation. The charges were later amended to also include, among other things, petitioner's improper conduct in the presence of civilians and members of the Sheriff's Department while he was on duty,

including making derogatory remarks and accusations regarding the Sheriff.

Following a hearing pursuant to Civil Service Law § 75, the Hearing Officer found petitioner guilty of the above conduct and, after reviewing petitioner's personnel file, recommended termination. Respondents adopted that recommendation and terminated petitioner. Petitioner then commenced this CPLR article 78 proceeding seeking annulment of the determination and reinstatement. Supreme Court dismissed the petition resulting in this appeal by petitioner and respondents cross-appeal.*

Initially, we are unpersuaded by petitioner's contention that the designation of the Hearing Officer was invalid. Specifically, he claims that because he was employed by both respondents, the designation should have been made by both the Sheriff and a representative of the County, rather than by the Sheriff alone, as was done here. However, Civil Service Law § 75 (2) provides that a hearing on charges such as those set forth against petitioner "shall be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose." The Sheriff, as the officer having the power to remove petitioner (*see* County Law § 652 [2]; *Matter of Reese v Lombard*, 47 AD2d 327, 330 [1975]), was empowered to designate the Hearing Officer (*see Matter of Wayering v County of St. Lawrence*, 154 AD2d 824, 826 [1989]; *Cirasuolo v Hasenauer*, 64 AD2d 860, 861 [1978], *lv denied* 45 NY2d 713 [1978]), and validly did so herein (*see Matter of Wiggins v Board of Educ. of City of N.Y.*, 60 NY2d 385, 387-389 [1983]).

Petitioner next argues that he cannot be disciplined for invoking his Fifth Amendment privilege against self-incrimination in response to certain questions posed by the attorney representing the County during the investigation of allegations that petitioner filed with the Sheriff's Department regarding Bowie and Eck. Specifically, petitioner refused to answer any questions pertaining to his activities during off-duty hours, including his surveillance of Bowie and his communications with Bowie's wife.

It is understood that the Fifth Amendment privilege against

---

* Since respondents are not aggrieved by Supreme Court's order, they have no right to appeal (*see* CPLR 5511). Accordingly, their cross appeal is dismissed and the arguments raised in their brief may be considered as alternative grounds for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-547 [1983]; *Matter of Mack v Board of Appeals, Town of Homer*, 25 AD3d 977, 978-979 [2006]).

self-incrimination protects an individual not only in the context of a criminal trial, "but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings" (*Lefkowitz v Turley*, 414 US 70, 77 [1973]; *see Gardner v Broderick*, 392 US 273, 276 [1968]). However, an individual's "[a]nswers may be compelled regardless of the privilege if there is immunity from federal and state use of the compelled testimony or its fruits in connection with a criminal prosecution against the person testifying" (*Gardner v Broderick, supra* at 276). In a situation where a public employee is compelled to answer questions or face dismissal, the responses are automatically cloaked with immunity (*see Matter of Matt v Larocca*, 71 NY2d 154, 159 [1987], *cert denied* 486 US 1007 [1988]; *see also Lefkowitz v Turley, supra* at 78-79; *Garrity v New Jersey*, 385 US 493, 500 [1967]; *People v Avant*, 33 NY2d 265, 271 [1973]). Thus, "where a public servant . . . refuses 'to answer questions specifically, directly, and narrowly relating to the performance of his official duties, without being required to waive his immunity, . . . the privilege against self-incrimination would not [be] a bar to his dismissal' " (*Matter of Matt v Larocca, supra* at 160, quoting *Gardner v Broderick, supra* at 278).

Here, most of the questions posed to petitioner by the attorney representing the County, including those questions probing his off-duty activities, were specifically directed at petitioner's investigation of Eck and Bowie. Petitioner's claim that his off-duty activities in that regard fell outside the scope of his official duties is unpersuasive, particularly in light of the ethical code to which petitioner was subject as a deputy sheriff. Specifically, by taking that office, petitioner agreed to accept responsibility for his actions both on and off duty and avoid any conflicts of interest that could compromise either his official authority or the public's image. Petitioner conceded that it was a conflict of interest for him to investigate Eck, with whom he was involved in litigation, and Bowie, who had previously investigated petitioner on another disciplinary matter. Because the questions were narrowly tailored to the matters under investigation and petitioner was compelled to answer them on pain of termination, his answers would have been automatically cloaked by immunity (*see Matter of Matt v Larocca, supra* at 159; *see also Lefkowitz v Turley, supra* at 78-79; *Gardner v Broderick, supra* at 276). Consequently, his assertion of his Fifth Amendment privilege does not bar disciplinary action against him (*see Matter of Matt v Larocca, supra* at 159-160; *see also Gardner v Broderick, supra* at 278).

Petitioner's documented failure to answer the questions in the interview constitutes substantial evidence of insubordination. In addition, the record contains substantial evidence supporting the determination that petitioner is also guilty of insubordination on other grounds, as well as serious misconduct, conduct unbecoming an employee of Delaware County and dereliction of duty. The testimony of petitioner himself, along with other evidence established, among other things, that petitioner used his position to obtain information about Bowie's whereabouts in furtherance of his own unauthorized investigation, his surveillance endangered Bowie, who often worked undercover, he disparaged the Sheriff and the Sheriff's Department in the presence of other officers and civilians, and he disclosed information about his disciplinary hearing after being instructed not to discuss it. Under the circumstances herein, the penalty of termination is not disproportionate to these offenses (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]; *Matter of Hoffman v Village of Sidney*, 252 AD2d 844, 845 [1998]).

Petitioner's remaining contentions have been considered and found to be without merit.

Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the cross appeal is dismissed and the judgment is affirmed, without costs.