# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**356**
**CA 10-00731**
PRESENT: SCUDDER, P.J., CENTRA, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

FARID POPAL, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

HARVEY J. SLOVIS, ESQ., DEFENDANT-RESPONDENT.

---

FARID POPAL, PLAINTIFF-APPELLANT PRO SE.

-------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered January 7, 2010. The order granted plaintiff's motion for leave to renew and, upon renewal, adhered to the prior determination denying plaintiff's motion for permission to proceed as a poor person pursuant to CPLR 1101.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is granted.

Memorandum: Plaintiff commenced this action seeking monetary damages, allegedly resulting from the failure of defendant, his former attorney, to return unearned legal fees and unused funds for litigation expenses advanced to defendant prior to his representation of plaintiff in a criminal matter. Supreme Court denied plaintiff's motion for permission to proceed as a poor person pursuant to CPLR 1101, and plaintiff moved for leave to renew the motion. The court granted leave to renew and, upon renewal, adhered to its original determination. In denying the motion, the court determined that, although plaintiff had submitted a letter from an attorney attesting to the merits of his case, he had not sufficiently demonstrated that his underlying causes of action were meritorious. We agree with plaintiff that his action "is not frivolous or, stated another way, that the [action] has arguable merit" (*Nicholas v Reason*, 79 AD2d 1113; *see Matter of Young v Monroe County Clerk's Off.*, 46 AD3d 1379). "Although the determination whether to grant permission to proceed as a poor person lies within the sound discretion of the . . . court . . . ., we conclude under the circumstances presented herein that the court abused its discretion in denying the motion" (*Young*, 46 AD3d at 1380).

Entered: March 25, 2011                        Patricia L. Morgan
                                               Clerk of the Court