■ JACK SOBEL, as the Sole Surviving General Partner of GREAT RIVER COUNTRY CLUB ASSOCIATES, Respondent, v. JOHN BESS et al., Appellants.— Appeal by defendants (1) from so much of an order of the Supreme Court, Suffolk County, dated January 15, 1973, as granted the branch of plaintiff's motion which was to compel defendant Bess to serve and file a final accounting and (2) from a further order of the same court dated February 28, 1973, which denied defendants' motion to reargue plaintiff's said motion for the accounting. Appeal from order dated February 28, 1973 dismissed. An order denying reargument of a motion is not appealable. Order dated January 15, 1973 affirmed insofar as appealed from. Respondent is granted one bill of $20 costs and disbursements to cover both appeals. Upon argument of these appeals the attorney for respondent stipulated and agreed that neither he nor his client would seek to punish appellant Bess for contempt because of his failure to comply with the above-mentioned January 15, 1973 order by failing to serve and file an accounting within the time required in said order. The accounting was accepted by respondent when served and filed. If his objections to the account are not settled upon trial upon such objections, respondent will be free to move at Special Term for an order directing that any claimed deficiency in the account be corrected. Hopkins, Acting P. J., Latham, Gulotta and Christ, JJ., concur.

■ JACK SOBEL, as the 'Sole Surviving General Partner of GREAT RIVER COUNTRY CLUB ASSOCIATES, Appellant, v. JOHN BESS et al., Respondents.— Appeal by plaintiff from an order-judgment of the Supreme Court, Suffolk County, dated July 26, 1973, which granted defendants' motion for partial summary judgment dismissing portions of certain objections to the final account of defendant Bess. The appeal brings up for review a prior order of the same court dated July 13, 1973, which also granted the same motion. Order-judgment and said prior order reversed, with $20 costs and disbursements, and defendants' motion denied. The case is hereby referred to Mr. Justice Glickman, with the direction that, in view of the inordinate length of time this controversy has been extant, the case be promptly tried and brought to a speedy conclusion. The basis for the Special Term's decision was that the issues raised by the subject portions of the objections were previously determined and disposed of in an interlocutory judgment dated February 9, 1966. It is our opinion that that judgment contains two provisions which are inconsistent with each other and cause considerable confusion in deciding the issues which are determinative of this appeal. Specifically, a provision of the judgment declares that the defendant Bess is the beneficial owner of all shares of common stock of the corporate defendant. The next provision declares that he should hold that stock as trustee and receiver of Great River Country Club Associates. We find these provisions irreconcilable. However, if Bess is indeed the trustee and receiver of Great River and is holding this stock as trust and receivership assets on behalf of Great River, then plaintiff, as the sole surviving general partner of Great River, ought to be entitled to an accounting of this stock, as well as a listing from the trustee of the beneficiaries of the trust. Upon the trial of the objections, the above-mentioned confusion should be clarified by a formal statement of findings of fact and conclusions of law. Hopkins, Acting P. J., Latham, Gulotta and Christ, JJ., concur.