■ In the Matter of FRANK LA ROSA, Petitioner, v POLICE DEPARTMENT OF THE CITY OF NEW YORK et al., Respondents.—Determination of the respondents dated September 17, 1973, unanimously modified, on the law, to the extent of annulling the finding of guilt on the charge contained in case numbered 46555, vacating the penalty of dismissal and remanding the matter for reconsideration of the penalty. As so modified, the determination is confirmed, without costs and without disbursements. In case numbered 46555 it is alleged that petitioner, while on sick report, wrongfully and without just cause refused to sign medical releases presented to him by the medical section, which releases were needed to evaluate petitioner's claimed

injuries. Based upon the entire record, we conclude that the finding of guilt on this charge was not supported by substantial evidence. Although the medical section may investigate the nature of an officer's claimed injuries in order to evaluate his status on sick report, and to such end may deem it desirable to obtain medical releases from such officer, the circumstances under which the demand herein was made upon the petitioner do not indicate that the refusal to execute the releases emanated from a willful or intentional refusal to obey a lawful departmental order. At the time petitioner was first directed to execute the blank medical releases, he had already been on sick report for a considerable period and was also engaged in civil litigation against the medical section. Aside from the fact that there was nothing to indicate why the releases were suddenly and immediately needed, and that certain of the desired information could have been sought in the pending civil litigation, it appears that petitioner's reluctance to sign the releases was based on good cause known to his superiorᵣ Indeed, when first confronted with the releases, petitioner merely requested an opportunity to consult with his attorney. Such request was reasonable since petitioner could not evaluate the nature of the releases and their possible effect upon the pending litigation. And, although petitioner was initially permitted to telephone his attorney, the medical section acted without just cause when the demands for immediate execution of the releases were thereafter renewed, despite the fact that the attorney could not be reached. Under these circumstances, as already indicated, petitioner's actions were not wrongful and indeed, the procedures adopted by the medical section were questionable. With relation to the remaining charges, we agree that there was sufficient evidence to establish technical violations of the department's rules and regulations. Accordingly, the matter is remanded for reconsideration of the appropriate penalty to be imposed upon those charges. Concur—Markewich, J. P., Murphy, Tilzer, Capozzoli and Lane, JJ.