■ In the Matter of FRANK LA ROSA, Respondent, v POLICE DEPARTMENT OF THE CITY OF NEW YORK et al., Appellants.—Judgment, Supreme Court, New York County, entered September 30, 1976, granting petition to the extent of annulling the penalty of dismissal, is unanimously reversed, on the law, and vacated, and the petition is dismissed, without costs and without disbursements. Petitioner, a police officer in the New York City Police Department, was dismissed after being found guilty of certain charges. The trial commissioner recommended that a penalty of dismissal be imposed "separately, independently, and concurrently" on each of the three charges. This court annulled the finding of guilt on one of those charges, vacated the penalty of dismissal, and remanded the matter for reconsideration of the appropriate penalty to be imposed upon the remaining charges which this court characterized as "technical violations of the department's rules and regulations." (Matter of La Rosa v Police Dept. of City of N. Y., 48 AD2d 618, 619.) On remand, the police commissioner again dismissed petitioner. Special Term annulled the dismissal, stating that "implicit in the Appellate Division's decision remanding the proceeding for reconsideration of the penalty is the finding that the penalty of dismissal should normally be reserved for offenses of the worst nature, that same was not warranted in the circumstances presented." It is established law that the courts may not interfere with the extent of punishment imposed by an administrative officer unless the "result is shocking to one's sense of fairness", i.e., "if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals." (Matter of Pell v Board of Educ., 34 NY2d 222, 234.) While the particular derelictions in the remaining charges in themselves are relatively minor, consisting of absence by petitioner on two occasions from his residence while on sick report without permission of his district surgeon, the commissioner had the right to and did consider petitioner's extremely bad record in the department, which the trial commissioner characterized "as unsatisfactory a record [as] I have seen. Prior heavy sentences [two 10-day penalties, one 15-day penalty, one 20-day penalty, and

twice a year's probation] have been imposed." The case appears to us to be indistinguishable from *Matter of Joshua v McGrath* (35 NY2d 886) in which, on closely similar facts, the Court of Appeals held that the courts had no power to interfere with the penalty of dismissal. In the case at bar, the trial commissioner also noted that petitioner "has spent substantial portions of his police career on salaried sick report. He joined the Police Department November 2, 1961. Departmental records disclose that he has reported sick over 30 times and he has accrued over 850 sick days, seven of which have been designated line-of-duty matters," and expressed his feeling that petitioner had unfairly taken advantage of the department's liberal and progressive sick-leave requirements. Concur—Stevens, P. J., Murphy, Lupiano, Silverman and Lane, JJ.