■ In the Matter of JAMES COPING, Respondent, v NEW YORK CITY .TRANSIT AUTHORITY, Appellant.—In a proceeding pursuant to CPLR article 78 to compel the New York City Transit Authority to pay petitioner-respondent his full wages and accrued benefits from March 31, 1975 to the present pursuant to subdivision 3 of section 75 of the Civil Service Law, the authority appeals from an amended judgment of the Supreme Court, Kings County, dated August 2, 1976, which, upon reargument, *inter alia,* directed it to "pay and provide" petitioner with all wages and benefits due him as an employee from March 31, 1975 to November 17, 1975, less the amount of any earnings received by him during said period from other sources. Amended judgment affirmed, with costs. Petitioner was employed by appellant as a bus driver. On February 22, 1975 petitioner was arrested and charged with the crime of murder. Upon being released on bail a few days after his arrest, petitioner attempted to return to work, but was notified by appellant that he was suspended from duty effective February 28, 1975, because of his arrest on the homicide charge. Petitioner received a written specification of the charges and a disciplinary hearing was scheduled for March 21, 1975. Petitioner and his attorney appeared at the office of appellant and advised the hearing officer that petitioner was prepared and ready to proceed. At the request of the New York County District Attorney's office, the hearing was adjourned sine die pending the disposition of the criminal proceeding against petitioner. Petitioner then moved, by order to show cause dated April 22, 1975, to compel appellant to pay him his full wages and accrued benefits from March 31, 1975 (30 days after his suspension) until such time as a hearing is conducted pursuant to section 75 of the Civil Service Law and a determination made. The petition was dismissed on the merits by Special Term on May 29, 1975. Petitioner filed a notice of appeal from said judgment on July 1, 1975. On November 17, 1975 petitioner pleaded guilty to manslaughter in the second degree and, on January 16, 1976, he was sentenced to an indeterminate term of imprisonment with a maximum of three years. Following the decision of this court in *Matter of Yeampierre v Gutman* (52 AD2d 608), petitioner moved, by order to show cause dated May 26, 1976, for reargument of the original petition. Upon reargument, however, petitioner modified his original request and sought to have the court direct appellant to pay him all wages and benefits from March 31, 1975 to January 16, 1976 (the day of sentencing). The petition was granted to the extent that Special Term ordered that petitioner receive his salary and benefits up to November 17, 1975 (the day he entered his guilty plea). Appellant eventually rescheduled the disciplinary hearing for May 19, 1976 and, after a week's adjournment at the request of petitioner, the hearing proceeded on May 26, 1976. The hearing officer recommended that the charges be sustained and that petitioner be dismissed from the service of appellant. Appellant approved this recommendation on December 30, 1976. There are no questions of fact in issue in this case. Although appellant argues that petitioner was guilty of unduly delaying the criminal proceeding against him, this is a bare, conclusory allegation, completely unsupported by the record. It is abundantly clear, in fact, that petitioner was not guilty of unduly delaying either the criminal proceeding or the disciplinary hearing. It should be noted that appellant did not formally terminate petitioner's employment until 11½ months after the

imposition of the criminal sentence, and 7 months after the long-delayed hearing. What appellant is apparently attempting to do is reargue the holding of this court in *Matter of Yeampierre v Gutman (supra)*, which was that the clear language of subdivision 3 of section 75 of the Civil Service Law means what it says: "Pending the hearing and determination of charges of incompetency or misconduct, the officer or employee against whom such charges have been preferred may be suspended without pay for a period *not exceeding thirty days"* (emphasis supplied). The New York City Transit Authority moved for leave to reargue *Yeampierre* or, in the alternative, for leave to appeal to the Court of Appeals, and for a stay. On June 24, 1976 this court denied the motion in all respects. Subsequently, leave to appeal was sought from the Court of Appeals; that motion was dismissed (40 NY2d 918). Appellant has raised no argument on this appeal which would induce this court to change its mind about the meaning and application of the statute in question. To accede to the request of appellant "would be tantamount to giving the government the power to starve the employee while it dallied in the prosecution of the charges. In our view that is exactly the mischief that the 30-day limitation of the statute sought to avoid" *(Matter of Maurer v Cappelli,* 42 AD2d 758, 759). If certain police and correctional officers are subjected to a more rigorous discipline and may be suspended indefinitely, without pay, pending the conclusion of criminal proceedings against them, it has been accomplished by specific legislative action. Different enactments were designed to effectuate different legislative intents (see *Brenner v City of New York,* 9 NY2d 447, 451). Absent such legislation, even police officers are held to enjoy the protection of subdivision 3 of section 75 of the Civil Service Law (see *Matter of Gould v Looney,* 34 AD2d 807). Cohalan, Acting P. J., Hawkins, Suozzi and Mollen, JJ., concur.