■ In the Matter of RONALD W. PECK, Petitioner, v JOSEPH E. SARTORI,

as City Manager of the City of Elmira, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Chemung County) to review a determination by the City Manager of the City of Elmira which found the petitioner guilty of misconduct, and demoted the petitioner from the rank of captain of the fire department to lieutenant, suspended him from work without pay for 30 days, and made the proceedings a part of his permanent personnel file. The hearing officer found that the petitioner was insubordinate in violating the rules, agreements and ordinances binding on him as a member of the fire department, in that he refused to carry out a reasonable order of his superior to undergo a physical examination and was, therefore, guilty of misconduct. Petitioner challenges the sufficiency of the respondent's finding that petitioner was guilty of misconduct. This court, in reviewing administrative disciplinary determinations, may not upset a finding of a hearing officer on a question of fact unless there is no rational basis for the exercise of discretion, or the action is arbitrary or capricious. The findings of the hearing officer are supported in the record by substantial evidence and, consequently, the respondent's finding of misconduct cannot be disturbed *(Matter of Pell v Board of Educ.,* 34 NY2d 222). *Matter of La Rosa v Police Dept. of City of N. Y.* (48 AD2d 618) is distinguishable from the facts of this case. Petitioner contests the imposition of penalty as an abuse of discretion. It cannot be said that the penalty here imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness. In a previously held disciplinary proceeding involving the same matter, a determination of misconduct was arrived at and the same penalty was imposed as in this hearing. The petitioner appealed the findings in an article 78 proceeding and the Supreme Court at Special Term, Chemung County, annulled the determination and remanded the matter for a hearing *de novo.* Section 77 of the Civil Service Law entitles the petitioner to reimbursement of salary and reinstatement to position for the period of his unlawful removal. This was never done and the petitioner was denied his legal title and salary during the period between the conclusion of the 30-day statutory suspension and November 3, 1972, the date when he was legally demoted. Determination modified, so as to restore petitioner to the rank of captain with full reimbursement of salary and benefits to November 3, 1972, less any earnings received by petitioner during this period, and, as so modified, confirmed, and petition dismissed, without costs. Sweeney, J. P., Mahoney, Larkin, Mikoll and Herlihy, JJ., concur.