■ CUTHBERT A. SPENCER, Petitioner, v JOHN T. O'HAGAN, as Fire Commissioner of the City of New York, et al., Respondents.—Determination of respondent Fire Commissioner of the City of New York, dated May 18, 1977, finding petitioner guilty of disobeying orders to report for duty and being absent without leave on April 16, 1977 and April 20, 1977 and directing dismissal of petitioner effective May 19, 1977, unanimously modified, on the law, to the extent of vacating the dismissal and substituting therefor a one-year suspension, and, as so modified, confirmed, without costs and without disbursements. On this record there is substantial evidence supporting the administrative determination that petitioner unjustifiably failed to obey orders to report for full duty on April 16, 1977 and April 20, 1977 and was, in consequence, absent without leave on those occasions. However, the penalty of dismissal imposed upon petitioner is excessive under the circumstances set forth in the record. As noted in *Matter of Pell v Board of Educ.* (34 NY2d 222, 233-235): "the test is whether such punishment is ' "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' "* * * a result is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals. Additional factors would be the prospect of deterrence of the individual or of others in like situations, and therefore a reasonable prospect of recurrence of derelictions by the individual or persons similarly employed. There is also the element that the sanctions reflect the standards of society to be applied to the offense involved. Thus, for a single illustrative contrast, habitual lateness or carelessness, resulting in substantial monetary loss, by a lesser employee, will not be as seriously treated as an offense as morally grave as larceny, bribery, sabotage, and the like, although only small sums of money may be involved." It is asserted by petitioner in his petition that he was appointed to the fire department in 1969 and that on November 23, 1975 and on several occasions thereafter, he hurt his back in the course of fighting fires. The excuse offered for his failure to report to duty on April 16, 1977 and April 20, 1977 was the severe pain petitioner was experiencing. Petitioner urges that his seven and one-half years' work as a firefighter establishes that he is a diligent employee. Respondents deny knowledge or information sufficient to form a belief respecting petitioner's assertions of service connected back injuries. Deputy Fire Commissioner Silver, the hearing officer, noted: "Back pain may be a subjective thing. No one can actually see or record the pain that the person is experiencing. A question was raised as to whether on certain examinations [petitioner] was fully cooperative or whether he was purposefully stiffening up. [Petitioner] may be suffering from some degenerative disc disease, but the question is how disabling is it. His own doctors seem to qualify their findings by using the term 'probable.' Medicine is not an exact science and opinions may vary by and between doctors. The Department has produced two doctors who examined [petitioner] and found him fit for full duty." The findings of the

department's doctors that petitioner was capable of full duty were adopted by the hearing officer in concluding that petitioner had no excuse for failing to report on April 16 and April 20, 1977 as ordered. In assessing the penalty to be imposed, the hearing officer utilized petitioner's history as to sick leave for the brief period January 8, 1977 to April 20, 1977. This was done in the context of petitioner's allegations of back injuries commencing November 23, 1975. On the basis of this limited review (patently not a review of petitioner's entire medical history while a member of the fire department), it was concluded that petitioner "engaged in a pattern of calling in sick after being ordered to return to light or full duty and has taken unfair advantage of the Department's liberal sick leave policy." On the basis of this limited review, characterized as disclosing a "bad medical history," dismissal of petitioner was recommended. Scrutiny of the record impels the conclusion that the record is sufficient for this court in its review to assess the permissible measure of punishment. There is no issue here of corruption or moral turpitude. Petitioner's record while a member of the fire department is relevant to a consideration of the penalty to be imposed, but cannot be characterized, under the circumstances herein, as partaking of that degree of unsatisfactory performance which might warrant dismissal (cf. *Matter of La Rosa v Police Dept. of City of N. Y.,* 55 AD2d 890). Therefore, we conclude on this record that the appropriate penalty to be imposed is suspension for a period of one year. Concur—Murphy, P. J., Lupiano, Birns and Lane, JJ.