■ In the Matter of ALEXANDER BEATON, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent New York City Transit Authority as, after a hearing, found petitioner guilty of certain misconduct and dismissed him from his position as a bus operator. Petition granted to the extent that the determination is modified, on the law, by adding thereto a provision that petitioner is entitled to back pay for the period beginning 30 days after his suspension and ending on the date of the hearing officer's report (excluding any delay occasioned by the petitioner), less any moneys received during that period as provided in subdivision 3 of section 75 of the Civil Service Law. As so modified, determination confirmed insofar as reviewed and proceeding otherwise dismissed on the merits, without costs or disbursements. On the record before us, we hold that there was substantial evidence to support the determination. Under such circumstances, we are compelled to confirm said findings (see Matter of Pell v Board of Educ., 34 NY2d 222). Moreover, in light of petitioner's prior disciplinary history, we see no basis to disturb the imposed penalty of dismissal (see Matter of La Rosa v Police Dept. of City of N. Y., 55 AD2d 890; Matter of Williams v New York City Tr. Auth., 58 AD2d 585). Notwithstanding his dismissal, petitioner is entitled to back pay for the period he was on suspension in excess of 30 days, excluding any delay occasioned by him, less any moneys received during that period, as provided in subdivision 3 of section 75 of the Civil Service Law (see Matter of Amkraut v Hults, 21 AD2d 260; Matter of Coping v New York City Tr. Auth., 57 AD2d 621). Upon his appeal to the Impartial Disciplinary Review Board, the petitioner voluntarily waived his right to back pay from the date of the hearing officer's report. We have examined petitioner's other points and have found them to be without merit. We note that no specific findings of guilt were made with respect to petitioner's violation of rules 81 and 125. Hopkins, J. P., Damiani, O'Connor and Rabin, JJ., concur.

■ In the Matter of JOHN DABNEY, Petitioner, v LEONARD OLSEN et al., Constituting the Vocational Education and Extension Board, Respondents.—Proceeding pursuant to CPLR article 78, inter alia, to review a determination of respondent Vocational Education and Extension Board, dated September 19, 1978, and made after a hearing, which found petitioner guilty of certain misconduct and dismissed him from his employment. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The determination is supported by substantial evidence in the record and the penalty of dismissal is not so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness (see Matter of Pell v Board of Educ., 34 NY2d 222, 233). Lazer, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.