■ In the Matter of JAMES COPING, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In a proceeding pursuant to CPLR article 78 to compel the New York City Transit Authority to pay petitioner his full wages and accrued benefits for a certain period pursuant to subdivision 3 of section 75 of the Civil Service Law, the authority appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County, entered February 1, 1979, as, upon reargument, ordered (1) that petitioner recover from the authority $7,670 to cover all back pay and benefits from March 31, 1975 to November 17, 1975, (2) that the rate of interest thereon shall be 4% and (3) that the interest shall be from the median date, viz., July 24, 1975, and shall be computed by the clerk of the court in the sum of $1,078.92. Judgment modified, on the law, by deleting from the second decretal paragraph thereof the provisions that interest shall be at the rate of 4% and that interest shall be in the sum of $1,078.92, and substituting therefor a provision that the rate of interest shall be 3%. As so modified, judgment affirmed insofar as appealed from, with costs to petitioner, and proceeding remitted to Special Term for a recomputation of interest and for the entry of an appropriate amended judgment. On February 22, 1975 petitioner was arrested on a charge of homicide and thereafter, effective February 28, 1975, he was suspended from his position without pay. At the request of the New York County District Attorney's office, petitioner's disciplinary hearing was adjourned sine die pending the disposition of the criminal proceeding against him. Petitioner then commenced the instant proceeding for back salary. Special Term granted the petition and this court, in a memorandum decision *(Matter of Coping v New York City Tr. Auth.,* 57 AD2d 621), affirmed that judgment. This appeal is from the judgment which computed the award following a hearing at Special Term. The authority argues that Special Term erred in refusing to allow it to present evidence that petitioner wrongfully delayed his criminal proceeding in order to effect a greater award. However, this factual issue was expressly resolved in the prior appeal *(Matter of Coping v New York City Tr. Auth., supra,* pp 621-622) and therefore the "law of the case" precludes a re-examination of the question (see *Matter of Yeampierre v Gutman,* 57 AD2d 898, 899). The authority further argues that the interest rate properly applicable to this judgment for back pay is the 3% rate set forth in

subdivision 6 of section 1212 of the Public Authorities Law, which specifically pertains to the authority, and not the 4% rate for public corporations contained in section 1 of chapter 585 of the Laws of 1939 and applied by Special Term. We agree. Putting actions involving an assumption of liability by the authority to one side, nothing in subdivision 6 of section 1212 or in the other subdivisions of that section indicates a legislative intent to limit the application of the 3% rate to cases arising out of the negligent operation of a transit authority vehicle to the exclusion of a proceeding for back salary. Furthermore, no reason appears for distinguishing this proceeding from one founded in tort with respect to the underlying purpose of the lower interest rate contained in subdivision 6 of section 1212, i.e., to relieve the authority of the burden of higher interest (cf. Governor's Message, NY Legis Ann, 1959, p 405). Hopkins, J. P., Mangano, Rabin and Gulotta, JJ., concur.