■ In the Matter of RAYMOND M. THOMPSON, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent dated January 15, 1979 and made after a hearing, which found petitioner guilty of certain misconduct and dismissed him from his position as a railroad clerk. Petition granted to the extent that the determination is modified, on the law, by adding thereto a provision that petitioner is entitled to back pay for the period beginning 30 days after his suspension and ending on the date of his dismissal from service (excluding any delay occasioned by the petitioner), less any moneys received during that period as provided in subdivision 3 of section 75 of the Civil Service Law. As so modified, determination otherwise confirmed and proceeding dismissed on the merits, without costs or disbursements. On the record before us we hold that there was substantial evidence to support the findings that petitioner was guilty of certain misconduct. Under such circumstances we are compelled to confirm said findings (see *Matter of Pell v Board of Educ.*, 34 NY2d 222). Moreover, in the light of petitioner's prior disciplinary history, we see no basis for disturbing the imposed penalty of dismissal (see *Matter of La Rosa v Police Dept. of City of N. Y.*, 55 AD2d 890; *Matter of Williams v New York City Tr. Auth.*, 58 AD2d 585). Notwithstanding his dismissal, petitioner is entitled to back pay for the period of his suspension in excess of 30 days, excluding any delay occasioned by him, less any moneys received during that period as provided in subdivision 3 of section 75 of the Civil Service Law (see *Matter of Amkraut v Hults*, 21 AD2d 260; *Matter of Coping v New York City Tr. Auth.*, 57 AD2d 621). We have examined petitioner's other points and find them to be without merit. Damiani, J. P., Gibbons, Rabin and Margett, JJ., concur.

■ In the Matter of HEIDI VITALE, on Behalf of Herself and Her Minor Child, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated November 24, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for a grant of aid to dependent children. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The finding by the State commissioner that petitioner's automobile is a valuable asset not essential to the needs of petitioner and her dependent child and thus an available resource for their support is supported by substantial evidence on the record. This case is distinguishable from *Matter of Gunn v Blum* (48 NY2d 58), in that the instant matter involves a question of eligibility for, rather than discontinuance of, public assistance. Damiani, J. P., Gibbons, Rabin and Margett, JJ., concur.