■ JACOB OLINER, as Executor of JACK SOBEL, Deceased, Appellant, v JOHN BESS et al., Respondents. — In an action against a trustee and receiver of a partnership in liquidation to impress a trust on real property which has been transferred by the trustee, and for an accounting, plaintiff appeals from a judgment (designated "Order Amending Final Decree") of the Supreme Court, Suffolk County, entered September 29, 1978, which held (1) that an accounting dated March 16, 1966 filed by defendants is allowed only for the period from the inception of the receivership to March 31, 1963; (2) that all accountings for periods after March 31, 1963 are determined not to be within the issues of this case; (3) that there are no moneys due to Jack Sobel as a result of the accounting dated March 16, 1966 for the period aforesaid; (4) that the beneficial ownership of the stock of Timber Point Country Club, Inc., as against any claim of interest therein by Sobel or his successors and assigns, is declared to be vested in defendant Bess and his successors and assigns; and (5) that the findings and decree in this case shall not inure to the benefit of nor be binding upon any former limited partners of Great River Country Club Associates except John Bess, Jack

Sobel and Sobel's successors and assigns. Judgment affirmed, without costs or disbursements. Jack Sobel, plaintiff's decedent, commenced this action in 1964 as the sole surviving general partner of Great River Country Club Associates, a dissolved limited partnership, against defendant Bess, the receiver of the partnership property, and defendant Timber Point Country Club, Inc., a corporation formed by Bess which purchased the property. Sobel sought to impress a trust upon the property for the benefit of the limited partnership, to have the property reconveyed to the limited partnership and to compel an accounting. In 1966 an interlocutory decree was entered, based upon a stipulation of settlement made by the parties. In 1973, on an earlier appeal to this court (Sobel v Bess, 43 AD2d 733), we held that two provisions of the 1966 decree were irreconcilable, one declaring Bess the beneficial owner of all shares of common stock of Timber Point, the other declaring that Bess would hold such stock as trustee and receiver of Great River. Referring the matter back to Special Term for clarification, we commented that "in view of the inordinate length of time this controversy has been extant, the case [should] be promptly tried and brought to a speedy conclusion." Following the referral, Special Term, in an order dated October 8, 1974, decreed, inter alia, that those provisions of the interlocutory decree were, in fact, reconcilable, in that the beneficial ownership of the stock of defendant Timber Point, as against any claim of an interest therein by Sobel, was vested in defendant Bess who, pending an accounting, was to hold such stock in his capacity as trustee and receiver of the partnership until any money found to be due Sobel under such account was paid; that said stock formed no part of the account to be rendered; and that Bess was not required to furnish Sobel with a list of trust beneficiaries. Another appeal followed. In 1975, we modified the October 8, 1974 order (49 AD2d 591), deleting the above provisions of the order and substituting therefor provisions that those portions of the 1966 interlocutory decree which we had previously found to be irreconcilable were irreconcilable; that the provision of the 1966 decree declaring Bess the beneficial owner of the Timber Point shares was a nullity; that Bess might hold the shares only as trustee for the benefit of the partnership until the action was concluded; that the stock was to be accounted for by him; and that he was to furnish Sobel with a list of trust beneficiaries. By judgment designated "Final Decree" dated February 17, 1977, Special Term held, inter alia, that there were no moneys due Sobel under an accounting dated March 16, 1966, which was allowed only for the period from the inception of the receivership to March 31, 1963 and that Sobel was entitled to 1.052% of the common stock of defendant Timber Point for his general partnership interest in Great River and that one Jeremiah Cross, as assignee of Sobel's limited partnership interest in Great River, was entitled to 11.368% of the common stock of defendant Timber Point. The stock awards were made without prejudice to Sobel or his assigns to claim additional stock in a court having jurisdiction over all interested parties when the final account of defendant Bess, as receiver, was to be rendered. The "Final Decree" was not to bind any former limited partners of Great River other than Bess, Sobel and, as Sobel's assignee, Cross. Defendants appealed from the February, 1977 "Final Decree" to the Court of Appeals, that appeal also bringing up for review our 1975 order in which we modified the October, 1974 order of Special Term. By our leave, plaintiff cross-appealed from our 1975 order. By a four to three vote, the Court of Appeals (43 NY2d 969, mot for rearg den 45 NY2d 776) reversed both the Special Term judgment of February, 1977 and our order of July, 1975 and reinstated the Special Term order of October 8, 1974. A judgment, desig-

nated "Order Amending Final Decree", entered September 29, 1978, following the Court of Appeals order and is now before this court on appeal. We agree with Special Term that the Court of Appeals decision (43 NY2d 969, *supra*) reinstating the October, 1974 order establishes that order as law of the case (see *Matter of Coping v New York City Tr. Auth.*, 73 AD2d 948). Thus, the only issue before us is whether the judgment of September, 1978 is in any way inconsistent with the October, 1974 order. The September, 1978 judgment provided: (1) that the accounting dated March 16, 1966 is allowed only from the inception of the receivership to March 31, 1963; (2) that all accountings for periods after March 31, 1963 are not in issue in this action; (3) that there are no moneys due Sobel under the accounting for the aforesaid period; (4) that the beneficial ownership of the stock of defendant Timber Point, as against any claim of an interest therein by Sobel or his successors and assigns, is declared vested in defendant Bess; and (5) that the findings and decree in this case shall not bind any former limited partners of Great River except Bess, Sobel and Sobel's successors and assigns, including Jeremiah Cross. The October, 1974 order contains provisions identical to the fourth and fifth provisions of the September, 1978 judgment noted above. It does not, however, limit the applicable period of the accounting or hold that no moneys were due Sobel under such accounting for that period. To this extent, the September, 1978 judgment goes beyond the October, 1974 order. It does not, however, contradict that order. Thus, the limitation of the relevant period of the March, 1966 accounting by Bess to the period from the inception of the receivership to March 31, 1963 and the declaration that Sobel was entitled to no money during that period are the only holdings the merits of which we may consider. We agree with Special Term that plaintiff is only entitled to an accounting for the period of the receivership, i.e., from its inception through March 31, 1963, after which date defendant Timber Point commenced operation of the Country Club, and after which date Sobel's (and plaintiff's) remedy was a shareholder's action and not an action against the receiver. We do not pass on the merits of Special Term's holding that plaintiff is entitled to no moneys from the receiver for the period for which the accounting was allowed because the proper forum for the assertion of that claim is the court which appointed the receiver. Furthermore, the proper time for asserting the claim is when the receiver renders his final accounting, the results of which will bind all former limited partners of Great River Country Club Associates. Hopkins, J. P., Mangano, Rabin and Weinstein, JJ., concur.