OPINION OF THE COURT
Theodore Diamond, J.
Defendant New York City Transit Authority (TA) moves to dismiss a claim for payment of back wages; in this case, for salary of a transit worker from July 8, 1982 through September 15, 1982, for violation of Transit Authority rules. The time in question is covered by a collective bargaining agreement between plaintiff’s union and the TA. It set forth disciplinary procedures replacing those in the Civil Service Law, but upon certain conditions, the latter could become operative. The agreement expressly permits the “pre-disciplinary suspension of an employee for reason of serious misconduct” (art VI, § 1). Upon suspension, section 2 of article VI provides for meetings with supervisors, eventually the department head, then a step 4 decision by the manager of labor relations. In this case, the step 4 hearing was held on July 28, 1983. As a result, plaintiff was to be fired. Obviously dissatisfied, plaintiff *717 had two options for further review; he chose a hearing pursuant to section 75 of the Civil Service Law. He continued under suspension. The hearing was held on September 15, 1982, at which time, in substance, a guilty plea to one charge was entered. Before the hearing referee, both sides made statements on the record as to their understanding of the “agreed” punishment, a suspension without pay of 10 working days. It is agreed that plaintiff lost pay during the bargaining agreement procedures (July 18-28), and from July 29, 1983 to September 15, 1983 during the section 75 process.
TA contends that when plaintiff opted for a section 75 appeal, he was suspended without pay for a period not exceeding 30 days (July 29 to August 27), that the first 10 working days after that were the plea bargain, that he was rehired to work September 15, and that he is entitled to be repaid for September 13 through 15, which they say they are doing.
Plaintiff contends that he lost 40 days and 7 hours’ work after July 28 and he is entitled to all but 10 days of that.
Preliminarily, plaintiff’s attorneys are advised that their affidavit in opposition dated October 5, 1983 appears to suggest that defendant should have served a copy of the order transferring this case from Queens to Kings County. However, the order of Judge Le Vine (June 7, 1983) does not require a copy of the order to be served on plaintiff’s attorneys, but on the clerk.
Irrespective of vague and self-serving statements of counsel at the hearing, it is the hearing officer’s recommendation, as adopted by the TA president, that controls. It reads “Respondent be suspended for the ten (10) working days” and “ten days of the period during which Respondent has been suspended after the first 30 days, are to be credited.” Clearly, it was not the intent of the TA to allow back pay for the 30-day prehearing suspension period. The TA is authorized to suspend plaintiff without pay up to 30 days pending the section 75 hearing and determination (Civil Service Law, § 75, subd 3; Matter of Coping v New York City Tr. Auth., 57 AD2d 621). In subdivision 3 of section 75 of the Civil Service Law, the word “may” indicates that an imposed penalty is not automatically consid *718 ered part of the time, prior to the hearing, in which the worker is suspended. Plaintiff’s attorney at the section 75 hearing should have made clear what the bargain was, if indeed there was any ambiguity.
The statute is silent as to the relation of its own suspension provisions on any independent and prior suspension provided for by collective bargaining agreement. The agreement is also silent as to any relationship of the suspension periods. When the TA and the union agreed to employee safeguards over and above those required by statute, the trade off by the union was the possibility, in some circumstances, of having a second suspension period without pay. Agreeing that the Civil Service Law may be triggered at a later point in the process, they have permitted another suspension period to be imposed. The union was free to bargain away certain statutory rights in disciplinary actions, and the members of the union are bound by the terms of the agreement (Dye v New York City Tr. Auth., 88 AD2d 899, affd 57 NY2d 917).
Finally, plaintiff’s remedy, if he believed that the recommendation after the section 75 hearing did not conform to the plea bargain was to move to withdraw the plea, or appeal to the commission having jurisdiction, or take a CPLR article 78 proceeding (Civil Service Law, § 76, subd 1). We shall not provide him with still another remedy.
Accordingly, defendant’s motion to dismiss the complaint is granted; except as to September 13 through 15, which the authority agrees is owing to plaintiff and which it is paying. As to those days, the motion is denied without prejudice to defendant’s right to move again for summary judgment with submission of documentary proof of payment.