(March 20, 1989)

■ FREDERICK E. ALLEN, as Administrator of the Estate of NORMA ALLEN, Deceased, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendant.—In an action to recover damages for wrongful death, the defendants New York City Transit Authority and Jose Gonzalez appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Hutcherson, J.), dated April 24, 1987, as, upon conditionally granting that branch of their motion which was to set aside a jury verdict as to pecuniary damages and upon the plaintiff having filed a written stipulation consenting to reduce that portion of the verdict, is in favor of the plaintiff and against them in the principal sum of $890,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff's decedent, a 36-year-old mother of two minor children, was struck and killed by a subway train after she and her four-year-old son fell onto the tracks. She managed to push the child to safety but was unable to save herself. Based upon the evidence adduced at the trial, we find that the reduced award of $890,000 was not excessive (see, O'Connor v Roth, 104 AD2d 933, appeal dismissed 64 NY2d 934).

There is evidence in the record to show that the net economic loss sustained by the decedent's family was approximately $695,000. The plaintiff's expert testified, inter alia, that had she survived, the decedent would have contributed approximately $467,000 in household services and that, based upon her employment history prior to the birth of her first child and her expressed intention of returning to work when the youngest child entered high school, she was likely to return to work and her lost wages would have approximated $325,000. The difference between the expert's calculation of net economic injury and the court's reduced award can be attributed to the loss of love, caring and guidance decedent would have provided her children and is fully supported by the record (see, Tilley v Hudson Riv. R. R. Co., 24 NY 471; DeLong v County of Erie, 89 AD2d 376, affd 60 NY2d 296). Eiber, J. P., Kooper, Sullivan and Harwood, JJ., concur.