■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to Executive Law § 298 to review an order of the Commissioner of the New York State Division of Human Rights, dated July 28, 1988, which, *inter alia,* found that the petitioner New York City Transit Authority discriminated against the individual respondent Efrain Feliciano and awarded him compensatory damages in the amount of $75,000 and back pay with interest computed at the rate of 9% per annum.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the Commissioner's order is modified by deleting from the second numbered subparagraph of the third decretal paragraph the provision that interest shall be computed at the rate of 9% per annum and substituting therefor a provision that interest shall be computed at the rate of 3% per annum; and by deleting from the third numbered subparagraph of the third decretal paragraph the provision awarding compensatory damages in the amount of $75,000; the Commissioner's order is otherwise confirmed, the proceeding is otherwise dismissed, and the matter is remitted to the respondent New York State Division of Human Rights for a recomputation of interest due to the individual respondent upon the back pay award and for a new

assessment of compensatory damages which shall not exceed $5,000.

The determination that Mr. Feliciano was subjected to illegal discrimination is supported by substantial evidence. Also, Mr. Feliciano's testimony that the depression which he experienced caused him to suffer a significant weight loss constitutes substantial evidence of a compensable injury *(see, Matter of Bayport-Blue Point School Dist. v State Div. of Human Rights,* 131 AD2d 849; *cf., Matter of Trans World Airlines v New York Executive Dept., State Div. of Human Rights,* 147 AD2d 575, 576). However, we find that, under the circumstances of this case, any award to Mr. Feliciano in excess of $5,000 as compensatory damages would be so disproportionate to the injury suffered as to be excessive as a matter of law *(see, Robb Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874). Also, pursuant to Public Authorities Law § 1212 (6), any interest rate with respect to back pay of more than 3% would be illegal *(see, Matter of Coping v New York City Tr. Auth.,* 73 AD2d 948). Therefore, the matter is remitted to the respondent New York State Division of Human Rights for correction of these errors *(see, Matter of Cosmos Forms v State Div. of Human Rights,* 150 AD2d 442). Mangano, P. J., Bracken, Kooper and Sullivan, JJ., concur.