■ PATRICIA KLOS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants and Third-Party Plaintiffs-Appellants. LIPCO ELECTRICAL CORP./ACTION ELECTRICAL CONTRACTING, INC., J.V., Third-Party Defendant-Appellant. (And Another Action.) [659 NYS2d 97] —In an action to recover damages for wrongful death, (1) the third-party defendant Lipco Electrical Corp./Action Electrical Contracting, Inc., J.V.,

appeals, as limited by its brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Kings County (Barasch, J.), entered July 24, 1996, which, upon a jury verdict in favor of the plaintiff and against the defendants third-party plaintiffs New York City Transit Authority, Metropolitan Transportation Authority, and the City of New York, in the principal amount of $2,388,054, is in favor of the defendants third-party plaintiffs and against it on their claim for contractual and common-law indemnification, and (2) the defendants third-party plaintiffs New York City Transit Authority and Metropolitan Transportation Authority, and the City of New York separately appeal, as limited by their respective briefs, from stated portions of the same order and judgment, which, *inter alia,* calculated interest at a rate of 9% per year.

Ordered that the order and judgment is modified, on the law and the facts and as a matter of discretion, by deleting the first through the eighth decretal paragraphs thereof and substituting therefor a provision granting a new trial with respect to the issues of damages for future loss of earnings, past and future loss of parental guidance, past and future loss of household services, and pre-impact terror; as so modified the order and judgment is affirmed, with costs to the appellants, unless within 30 days after service upon her a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for (a) future loss of earnings from the principal sum of $1,800,000 to the principal sum of $1,354,000, (b) past and future loss of parental guidance from the principal sum of $1,000,000 for each child to the principal sum of $250,000 for each child, (c) past and future loss of household services from the principal sum of $380,000 to the principal sum of $100,000, and (d) pre-impact terror from the principal sum of $115,000 to the principal sum of $50,000, and to the entry of an amended order and judgment accordingly. In the event that the plaintiff so stipulates, then the order and judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment, with interest calculated at the rate of 3% per annum.

The 38-year-old decedent died after a fall through a delivery opening in a sidewalk which gave access to an electrical substation vault. He and another employee were delivering materials to the vault, which was under construction, when the decedent fell to his death. The decedent's wife commenced this action

against the New York City Transit Authority, the Metropolitan Transportation Authority (hereinafter collectively the TA), and the City of New York (hereinafter the City). The TA commenced a third-party action against the decedent's employer, Lipco Electrical Corp./Action Electrical Contracting, Inc., J.V. (hereinafter Lipco), an electrical construction company under contract with the TA, and the City commenced a separate, second third-party action against Lipco, for indemnification and/or contribution.

The trial court properly granted the plaintiff a judgment on the issue of liability against the defendants pursuant to Labor Law § 240 (1). The decedent's death resulted from an elevation-related hazard that the statute was intended to obviate *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Allen v City of Buffalo,* 161 AD2d 1134; *Carnicelli v Miller Brewing Co.,* 191 AD2d 980).* Inasmuch as the defendants presented no evidence concerning the use of or training in any safety devices, and the plaintiff established that no such safety devices or procedures were used, judgment as a matter of law on the issue of liability pursuant to Labor Law § 240 (1) was proper *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513).

Following trial on the issue of damages, the jury awarded the plaintiff $3,964,164 for, *inter alia,* economic loss, loss of parental guidance for the decedent's two infant children, loss of household services, and pre-impact terror. The defendants contend that the wrongful death award was excessive. We agree.

In a wrongful death action, an award of damages is limited to fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought *(see,* EPTL 5-4.3). The standard of review of such an award is whether it deviates materially from what would be reasonable compensation *(see,* CPLR 5501 [c]; *Plotkin v New York City Health & Hosps. Corp.,* 221 AD2d 425; *Giladov v Kurzweil,* 220 AD2d 481, 482). The standard by which to measure the value of past and future lost earnings is the decedent's gross income at the time of death *(Johnson v Manhattan & Bronx Surface Tr. Operating Auth.,* 71 NY2d 198; *Plotkin v New York City Health & Hosps. Corp., supra),* and the standard by which to measure the value of past and future loss of household services is the cost of replacing the decedent's services *(De Long v County of Erie,* 89 AD2d 376, *affd* 60 NY2d 296; *see also, Allen v New York City Tr. Auth.,* 148 AD2d 563). Upon a review of the decedent's age, character, earning capacity, life expectancy, and the circumstances of his

distributees *(Facilla v New York City Health & Hosps. Corp.,* 221 AD2d 498), we find that so much of the damage award as was for future loss of earnings, past and future loss of parental guidance, past and future loss of household services, and pre-impact terror deviated materially from what was reasonable. The income growth projections presented by the plaintiff were inappropriate under the relevant circumstances established, given the vagaries associated with employment in the construction industry and various other costs and expenses fairly attributable to the decedent had he lived. We further note that to the extent indicated, the award for the loss of parental guidance was excessive, as was the award for household services *(see, Allen v New York City Tr. Auth., supra)* and the award for the pain and suffering of the decedent, where his death was almost instantaneous.

The TA, the City, and Lipco raise the issue of the correct interest rate to be applied to the judgment. Pursuant to Public Authorities Law § 1212 (6), the interest chargeable to the New York City Transit Authority "upon any judgment or accrued claim * * * shall not exceed three per centum per annum". Despite the fact that the maximum rate of interest chargeable against the defendant Metropolitan Transportation Authority is limited to 4%, and the City of New York is limited to 6%, the appellant chose to bring suit against both of these authorities and the City of New York, and, accordingly, the legal maximum rate which can be applied against the judgment, which is applicable to the New York City Transit Authority, is 3%. Inasmuch as any such judgment is collectible against the Transit Authority in whole or in part, the maximum interest rate calculated thereon is limited to 3% *(see,* Public Authorities Law § 1212 [6]; *Williams v City of New York,* 169 AD2d 713; *Matter of New York City Tr. Auth. v State Div. of Human Rights,* 160 AD2d 874; *see also, McGale v Metropolitan Transp. Auth.,* 76 AD2d 38; *Toomey v New York City Tr. Auth.,* 10 AD2d 728, *affd* 8 NY2d 970).

We have examined the parties' remaining contentions and find them to be without merit. O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.